507 So.2d 825 (1987)
Larry Joe VIRGIL
v.
AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY, et al.
No. 87-C-0810.
Supreme Court of Louisiana.
May 29, 1987.
*826 Edmond R. Eberle, New Orleans, for applicant.
Thomas L. Gaudry, Jr., Windhorst, Pastorek & Gaudry, Harvey, for respondent.
Prior Report: 503 So.2d 45.
PER CURIAM.
Granted. The court of appeal erred in holding that the manifest error standard of appellate review does not apply when the evidence before the trier of fact consists solely of written reports, records and depositions. The court further erred in assessing credibility and weighing medical evidence as if the court of appeal were the trier of fact.
The manifest error standard and its purpose were stated succinctly in Canter v. Koehring Co., 283 So.2d 716 (La. 1973), as follows:
"When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court's finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court's better capacity to evaluate live witnesses (as compared with the appellate court's access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts." (emphasis supplied)
Louisiana's three-tiered court system allocates the fact finding function to the trial courts. Because of that allocation of function (as well as the trial court's normal procedure of evaluating live witnesses), great deference is accorded to the trial court's factual findings, both express and implicit, and reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on appellate review of the trial court's judgment.
Accordingly, the judgment of the court of appeal is set aside, and the case is remanded to the court of appeal to review the record under the manifest error standard of appellate review.
DENNIS, J., concurs. In my opinion the trial judge's decision is always entitled to at least some deference by a reviewing court. Even a deposition may be susceptible to more than one reasonable reading. If the trial judge's interpretation is reasonable it should be respected. Furthermore, if the trial evidence is a mixture of both deposition and live testimony, the trial judge's interpretation of the deposition may be entitled to even greater deference because his opportunity to see and hear the live witnesses may well have given him greater insight into the testimony of the deposition witnesses than that of a reviewing judge who did not participate in the trial.
DIXON, C.J., and MARCUS, J., dissent and would deny the application.