DOMENGEAUX, Judge.
Dean Segura and Charmaine Romero commenced these proceedings to recover damages for the injuries they sustained in an automobile accident. The plaintiffs named as the defendants: (1) Kelly Duhon, the driver of the car which collided with their vehicle; (2) Heymann Realty Company, Inc. (Heymann Realty), the owner of the automobile driven by Duhon; and (3) United States Fidelity & Guaranty Company (U S F & G), the insurer of the Hey-mann Realty vehicle. Prior to trial, U S F & G stipulated to liability and Duhon and Heymann Realty were dismissed.
The accident in issue occurred on March 23,1985 at approximately 10:45 p.m. Segu-ra was driving Romero’s 1972 two-door Chevrolet Chevelle in a westerly direction on Donlon Avenue in Lafayette, La. Romero was riding as his guest passenger in the front seat. When Segura reached the intersection of Donlon Avenue and Northeast Evangeline Thruway, the traffic signal was red. Upon coming to a complete stop or as he was slowing to stop, Segura’s vehicle was struck from the rear by a 1983 two-door Ford Escort driven by Duhon.
The case was tried before a jury which rendered a verdict in favor of Segura and Romero and against U S F & G. The jury, pursuant to jury interrogatories, itemized the damages of both plaintiffs as follows:
SEGURA ROMERO
1.Past and future, physical and mental pain and suffering $ 8,112.12 $ 4,684.87
SEGURA ROMERO
2. Disability $ -0- $ -0-
3. Past medical expenses $13,987.88 $14,476.13
4. Future medical expenses $ 500.00 $ 1,000.00
5. Past lost wages $ 2,400.00 $ 4,840.00
6. Future lost wages $ -0- $ -0-
7. Disfigurement $ -0- $ -0-
8. Loss of Dronertv $ -0- $ -0-
A judgment was executed in accordance with the verdict of the jury awarding Segu-ra $20,000.00 and Romero $25,000.00.
Segura and Romero sought this review conténding that the decision of the jury fails to adequately compensate them for their injuries. The plaintiffs both maintain:
(1) The jury abused its discretion by awarding inadequate sums to compensate them for their past and future, physical and mental pain and suffering;
(2) The jury abused its discretion by failing to award them any compensation for their disabilities;
(3) The jury abused its discretion by awarding them inadequate sums for past lost wages; and
(4) The jury abused its discretion by failing to award them any compensation for lost future wages.
Segura, individually, maintains:
(1) The jury abused its discretion by failing to award him any compensation for the disfigurement he suffered as the result of a Bilateral Occipital Neurectomy; and
(2) The jury abused its discretion by failing to award him any compensation for the loss of an automobile paint and body shop he was constructing on property owned by his brother pri- or to the accident, which he maintained he lost because he was unable to make the rental payments as a result of the accident.
Romero, individually, maintains that the jury abused its discretion by awarding her an inadequate sum to compensate her for her future medical expenses.
La.Civ.Code art. 2324.1 (1984) provides, “In the assessment of damages of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury.” This article is the codification of, and is supported by, considerable jurispru *1259 dence. See, Virgil v. American Guarantee and Liability Insurance Co., 507 So.2d 825 (La.1987); Ard v. Samedan Oil Corp., 483 So.2d 925 (La.1986); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Subsequent to an exhaustive review of the trial record, we do not believe the jury abused its considerable discretion with the single exception of denying Segura compensation for the temporary disfigurement following his Bilateral Occipital Neurectomy.
Our initial impression of this case caused us to question the decision of the jury and to closely scrutinize the trial transcript. We commenced our review anticipating that the jury's award to both Segura and Romero might be favorably altered. It was during our review, however, that we read testimony which caused us to question our initial impression and to ultimately conclude that the decision of the jury, with the single exception previously mentioned, was not manifestly erroneous.
Initially addressing Segura's assignment of error contending that the jury abused its discretion by failing to award him any compensation for the temporary disfigurement endured following his Bilateral Occipital Neurectomy, we must agree with his assessment. The surgery involved the shaving of the rear area of Segura's head exposing to public view the results of the surgery for approximately three months. It was not until Segura's hair returned that the affects of the surgery were concealed.
The Louisiana Supreme Court in Coco v. Winston Industries, Inc., 341 So.2d 332, 335 (La.1976), advised that it is "never appropriate for a Court of Appeal ... simply to decide what it considers an appropriate award on the basis of the evidence." The Coco decision mandates that upon concluding that the trier of fact was manifestly erroneous, our obligation is to raise the award only to the lowest point or lower the award only to the highest point which is reasonably within our discretion. The Supreme Court, simply stated, has advised all intermediate courts that it is not within their discretion to render an entirely independent judgment; the decision of the jury, even if erroneous, must still be accorded considerable discretion.
Upon review of Segura's testimony and examination of the photographs introduced into evidence, we believe an appropriate award would be $500.00. We believe this figure adequately compensates Segu-ra, while at the same time complies with the Coco mandate of only increasing an erroneously low award to the lowest point reasonable according to the record.
The remainder of our decision, finding no other manifest errors necessitating reversal, rests primarily on numerous inconsistencies between the testimony of the plaintiffs, their expert witnesses and the non-expert witnesses. Our decision was greatly affected by the testimony of the plaintiffs themselves. We note as merely illustrative the following:
(1) Segura testified at trial that he had been stopped at the intersection for twenty to twenty-five seconds prior to impact, but Officer Robert D. Lay-burn of the Lafayette City Police Department, who investigated the accident, testified that Segura told him he was slowing to a stop at the time of the accident;
(2) Officer Layburn testified that the evidence suggested that Duhon was traveling between two and five mph at the time of impact, but Dr. Daniel Hodges, Segura's pain management specialist, testified in his deposition that Segura told him that he was struck from the rear by a truck traveling approximately thirty mph; and
(3) Although expert testimony indicated Romero had sustained certain specific injuries, most notably a mild dehydration at the L-5 S-i level, Romero, who testified at trial that she was experiencing pain, also testified that if it were not for the trial she would have spent the day cleaning her home or mowing the lawn.
Although we are by no means attempting to render an entirely separate and independent decision from that of the jury, it is our conclusion, subsequent to reading *1260 the approximately eight hundred pages of testimony, that the jury found the credibility of both Segura and Romero to be weak. We, therefore, in accordance with the law, must give great discretion to the members of the community who sat face to face with the litigants, heard their allegations of great and debilating injuries and ultimately rendered a verdict. The discrepancies and weaknesses we noticed in the record were numerous enough for us to conclude that the jury was not clearly wrong.
For the above and foregoing reasons, the judgment of the District Court is amended to increase the award to Dean Segura by $500.00 for disfigurement. The judgment in all other respects is affirmed.
All costs of this appeal are assessed: ninety percent to Dean Segura and Charmaine Romero and ten percent to United States Fidelity & Guaranty Company.
AFFIRMED, AS AMENDED.