DOMENGEAUX, Judge.
Edna Lockette commenced these proceedings to recover damages for the injuries she allegedly sustained to her back and right ankle in a slip and fall accident. Lockette alleged that she slipped and fell on October 22,1985, as she was descending one of two small flights of stairs on the premises of Washington State Bank, in Washington, Louisiana. She named as the defendants: (1) Washington State Bank (Washington Bank); and (2) Hartford Accident & Indemnity Co. (Hartford), Washington Bank’s insurer.
The scene of the incident was the rear or side entrance of the main branch of Washington Bank. The stairs in question consist of one flight of four steps descending to a plateau and a second flight of three steps to the right of the plateau descending to the ground. The top flight of stairs are under the roof of the bank building, but the lower flight is only partially covered and more exposed to the elements. The steps are level, approximately five and one-half inches high and approximately twelve and one-half inches in depth. The front two and one-half inches of each step consists of five, approximately one-half inch wide grooves of a gray, abrasive, nonskid material commonly found on outdoor staircases. Handrails, one for each flight of stairs, are attached to the building, but cannot be reached by an individual walking on the opposite side of them.
Lockette contends that she slipped and fell on the lower tier because the steps were wet, as it had been raining, and because there was a “greasy or oily” suh-stance on the steps. She maintained entitlement to recovery at trial on three theories of liability: (1) La.Civ.Code art. 2815 (1870), liability founded on ordinary negligence; (2) La.Civ.Code art. 2317 (1870), the liability of a custodian of a thing which creates an unreasonable risk of harm; and (3) La.Civ.Code art. 2322 (1870), the liability of the owner of a building which is in “ruin”.
*1264 The jury returned a verdict in favor of Washington Bank and Hartford, finding no liability on the part of Washington Bank under any of the theories espoused by the plaintiff. The jury, according to jury interrogatories, concluded that Lockette’s injuries were seventy-five percent attributable to a fortuitous event, presumably the rain, and twenty-five percent attributable to her own fault.
Lockette sought this review and assigned two errors. The plaintiff maintains:
(1) The jury verdict is manifestly erroneous because it failed to find Washington Bank negligent; and
(2) The jury verdict is manifestly erroneous because it attributed twenty-five percent of the fault for the accident to her.
She did not appeal the jury’s decision addressing article 2317, custody of a thing or article 2322, a building in ruin.
Washington Bank and Hartford assigned an additional issue for review. The defendants’ issue, which does not question the decision of the jury, merely suggests that the verdict reflects a lack of credibility on the part of the plaintiff. This issue which is part and parcel of the plaintiff’s first assignment of error calling into question the jury’s decision finding Washington Bank free of negligence will be reviewed with that issue.
The plaintiff’s initial assignment on review questions the jury’s verdict finding Washington Bank entirely free of fault on her negligence theory of liability. Subsequent to our review of the record, we do not believe that the decision of the jury is manifestly erroneous. Virgil v. American Guarantee & Liability Insurance Co., 507 So.2d 825 (La.1987); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978).
Lockette asserted at trial that she slipped and fell on Washington Bank’s stairs because they were wet, but primarily because there was a greasy or oily substance on them. The plaintiff’s own testimony of the incident, however, gave the jury cause to question her case-in-chief. Lockette testified on direct examination that after she fell she did not look to see if there was a foreign substance on the steps which could have caused her fall. She testified that she did not take the time to examine the steps because it was raining and she was experiencing great pain. The plaintiff’s testimony on cross-examination, however, was evasive and she was instructed by the Trial Judge on two occasions to answer the defense counsel’s questions. Subsequent to considerable banter with the defense attorney, Lockette contradicted her earlier testimony and stated that after she fell she looked on the steps and saw a greasy or oily substance.
A statement Lockette gave to a Hartford adjuster less than three months after her fall also casts doubt on her case. During questioning by the adjuster in her attorney’s office, the plaintiff was asked what caused her to fall. She responded that the wet cement was the cause. When asked if there was any debris or trash on the steps, she replied that there was nothing on the steps.
Lockette’s employer, Horace Slaughter, also testified on her behalf. Slaughter testified that there was a white fluid mixed with rain water bubbling on the steps. When Slaughter was shown numerous photographs of the scene, however, he did not recognize it as the entrance to the bank. Slaughter’s testimony was also contradicted by the testimony of a bank employee who recounted a different sequence of events after Lockette’s fall.
Lockette’s doctors also testified but, provided little support for her case. None of the three doctors, upon being requested to recall their initial examinations of the plaintiff, could remember her stating that she fell as the result of a foreign substance on Washington Bank’s stairs. Two of the doctors did state, however, that even if she had mentioned the cause of her fall they might not have paid the statement great attention because it would not have been important to her treatment.
Lockette’s second assignment of error suggests that the jury erred in concluding that she was contributorily negligent and also erred in assigning twenty-five percent *1265 of the fault for the fall to her. Having previously determined that the jury was not manifestly erroneous in concluding that Washington Bank was not negligent, we need not address this issue.
For the above and foregoing reasons the judgment of the District Court is affirmed.
All costs of this appeal are assessed against Edna Lockette.
AFFIRMED.