WICKER, Judge.
Clarence E. Garlepied, the plaintiff, appeals a judgment in favor of Mechanical Construction, Inc. and North American Underwriters, Inc., his former employer and its worker’s compensation insurer. The issue is one of causal relationship between Garlepied’s original injury and his present disability. We affirm.
Garlepied was a plumber/pipe-fitter working for Mechanical when a fourteen-foot ladder he was handling slipped and fell on him. This accident, which occurred on August 16, 1984, caused him to suffer a separated left shoulder. There is no question that Garlepied is presently disabled by a work-related injury, and North American has paid compensation and medical expenses relating to the shoulder injury.
On May 13,1985, Garlepied had a seizure of some kind, falling from bed and injuring his right shoulder. He had another one two weeks later. He claimed to be suffering from grand mal epilepsy caused by his initial on-the-job injury. North American denied any relationship between the original injury and the seizure and, consequently, has refused to pay for the medical expenses necessitated by the seizure and the injured right shoulder. Compensation is not an issue, since the rate would be unchanged should we find the seizures to be causally related.
The case was submitted on a joint stipulation of facts, medical records, and depositions. The trial judge ruled that
the plaintiff has.not shown more likely than not that the trauma to his head occurred at the time of the accident. The failure to establish the head trauma makes it extremely unlikely that the epileptic seizures are causally related to the ladder-fall_ Hence, the injury to the right shoulder, admittedly caused by a fall as a result of a grand mal seizure, is likewise not proven causally related.
The medical evidence and opinion was conflicting, but much of it supports the trial judge’s decision.
Garlepied testified that the ladder fell on the side of his neck and his shoulder, dazing him, and that he walked to the hospital for treatment. His testimony that he complained of pain in his head to Dr. Matta, whom he saw four days after the accident, is the only evidence directly linking the accident to his seizures.
Of the doctors who examined and/or treated Garlepied from the date of his accident until his first seizure in May of 1985, not one testified that Garlepied gave any history of head injury or complained of headache.[1] All tests administered after the seizure, including CT scans and EEGs, showed no abnormalities.[2] None of the many doctors who saw Garlepied from May of 1985 until August of 1986 could find any evidence of a relationship between his on-the-job injury and his seizures.
The exception was the deposition testimony of Daniel J. Trahant, M.D., a neurologist who examined and treated Garlepied from August of 1986, two years after the accident, until the date of his deposition in September of 1987. Based on Garlepied’s recited history of a head injury, he conclud *618 ed that the seizures were caused by head trauma. He conceded on cross-examination that an incorrect history would have a bearing on his opinion. He insisted that head trauma sufficient to cause brain injury could exist without external manifestations, as would be the case with the mildest form of concussion; and he noted that Gar-lepied’s failure to complain of head injury at the time of the accident could be attributed to the shoulder’s taking precedence.
Great deference should be accorded the trial judge’s factual findings, even when the evidence before him consists only of reports, records and depositions. Virgil v. American Guar. & Liability Ins., 507 So.2d 825 (La.1987).
The legal principles relating to proof of causation are outlined in Lucas v. Ins. Co. of North America, 342 So.2d 591, 595-96 (La.1977) (citations omitted) (emphasis added):
As in other civil suits, the employee in a workmen’s compensation proceeding has the burden of establishing the disability and causal relation with the employment accident by a preponderance of the evidence....
[[Image here]]
A claimant’s disability is presumed to have resulted from an accident, if before the accident the injured person was in good health, but commencing with the accident the symptoms of the disabling condition appear and continuously manifest themselves afterwards, providing that the medical evidence shows there to be a reasonable possibility of causal connection between the accident and the disabling condition....
Garlepied falls outside the presumption of disability, since his disabling condition did not appear “commencing with the accident.”
We affirm the judgment of the trial court with regard to liability. Consequently, we must also deny Garlepied’s claim for penalties and attorney’s fees.
AFFIRMED.

. Raul Guevara, M.D., the emergency room physician; Luis F. Matta, M.D., an orthopedist; Dorsey Dysart, M.D., a neurologist; Robert L. Mímeles, M.D., an orthopedist.

. Thom Franklin, M.D.; Eugene G. Alcazaren, M.D., a rehabilitation specialist; Robert L. Ap-plebaum, M.D., a neurosurgeon; William A. Martin, M.D., a neurologist; George S. Ferriss, M.D., sleep specialist.