DOMENGEAUX, Judge.
James Herman Crupe commenced these proceedings seeking damages for personal injuries he sustained in a vehicular accident. Crupe named as defendants: (1) Robert J. Angelle, the driver of the vehicle which rear-ended his van; (2) Huval Bakery, Inc. (Huval Bakery), the owner of the tractor-trailer which struck Crupe’s van; and (3) Northbrook Property and Casualty Insurance Company (Northbrook), Huval Bakery’s insurer.
The parties stipulated at the commencement of the trial that the defendants were liable and the case proceeded solely on the issue of damages. The jury, subsequent to a three-day trial, concluded that Crupe’s total damages amounted to $43,000.00. The verdict and the judgment executed in accordance with it did not itemize the plaintiff’s damages nor distinguish between Crupe’s general and special damages.
Crupe sought this appeal and the defendants answered. The plaintiff maintains that the jury was manifestly erroneous in awarding him only $43,000.00 and that the Trial Court erred by denying his motions for additure and for a new trial. Angelle, Huval Bakery and Northbrook maintained in their answer to Crupe’s appeal that: (1) the jury was manifestly erroneous in attributing Crupe’s injuries to the accident in question; (2) the jury was manifestly erroneous in awarding any sum of damages to Crupe; and (3) in the alternative, the damage award is excessive.
It is well-settled law that assignments of error raised on appeal which are neither addressed by the party’s brief or during oral argument, or upon which affirmation is subsequently suggested, are considered abandoned. Ventrilla v. Tortorice, 160 La. 516, 107 So. 390 (1926); Wier v. Grubb, 228 La. 254, 82 So.2d 1 (1955); Moossy v. Huckabay Hospital, Inc., 283 So.2d 699 (La.1973). Crupe neither briefed nor orally argued for the reversal of the Trial Judge’s denial of his motions for additure and for a new trial. We, therefore, consider these assignments as having been abandoned. Angelle, Huval Bakery and Northbrook originally assigned three errors suggesting reversal of the jury verdict. The defendants have subsequently maintained that the decision of the jury was entirely correct and should be affirmed. The defendants’ assignments in their answer are, therefore, also considered abandoned.
The only question which remains before us on appeal is the issue of quantum. La. Civ.Code art. 2324.1 (1984) and prior jurisprudence advise us that triers of fact are to be accorded “much discretion” when rendering quantum determinations and that their conclusions should not be altered in the absence of manifest error. Virgil v. American Guarantee & Liability Insurance Co., 507 So.2d 825 (La.1987); Ard v. Samedan Oil Corp., 483 So.2d 925 (La.1986); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). We are also apprised that reasonable evaluations of credibility are similarly within the province of the trier of fact. Watson v. State Farm Fire & Casualty Insurance Company, 469 So.2d 967 (La.1985); Theriot v. St. Martin Parish School Board, 434 So.2d 668 (La.App. 3rd Cir.1983).
*121 Crupe contends on appeal that the jury determination of $43,000.00 should be increased to the lowest sum which reasonable discretion could dictate. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977). The plaintiff maintains that the lowest sum which he could reasonably have been awarded is $125,000.00. Subsequent to our review of the trial record, we do not believe the jury’s decision is manifestly erroneous.
Our conclusion, finding no manifest error, rests primarily on the law which mandates that credibility determinations are the province of the trier of fact. We find that the credibility of the witnesses in this case played a great role in its outcome and do not believe that Crupe has demonstrated any manifest error.
Crupe testified during trial that he suffered severe neck and back injuries as a result of the accident. The plaintiffs medical experts, primarily Dr. Darryl Wayne Johnson, a chiropractor, and Dr. Stephen R. Goldware, a neurosurgeon, supported his claims. Dr. Goldware, it should be noted, appeared hostile towards the defense, apparently over a disagreement regarding his deposition fee.
Countering the plaintiffs contentions for the defense were Dr. J.C. McDaniel, an orthopedic surgeon, Louella Crupe, the plaintiff’s former spouse, and F.C. Martin, an insurance investigator. Dr. McDaniel testified that although he did believe Crupe was injured as a result of the accident he did not assign the plaintiff’s disability at forty percent as stated by Dr. Goldware but, rather, at only fifteen percent.
Louella Crupe testified that her former husband had, since at least 1982, complained of arthritic joint disabilities. Ms. Crupe attributed the plaintiff’s neck problems to their numerous fights. Testimony indicated that on at least one occasion she used the palm of her hand to “jab” his chin up while he was choking her and on another occasion she twisted his neck to the extent that she told a friend she thought she might have broken it.
The defendant’s insurance investigator, Martin, observed Crupe on four separate days. Martin testified that he observed Crupe while Crupe was working. The witness testified that the plaintiff carried scaffolding, ladders, tools and boards, unloaded what was believed to be aluminum siding and assisted his crew in affixing the siding to the structures on which they were working. Martin stated that despite the fact that Crupe was bending, stooping and carrying material he did not appear to be in any discomfort. The activities noted by the investigator, it must be stated, are activities which Doctors Johnson, Goldware and McDaniel believed Crupe should avoid.
Crupe also weakened his own case. The plaintiff states in his brief that he was late in filing some of his tax returns because he kept “shabby” business records. The evidence indicates that he was, in fact, late, but that he only filed his 1981, 1982 and 1983 tax returns in 1985 because he was audited by the Internal Revenue Service. The record further reveals that he had to pay approximately $12,000.00 in penalties, interest and past due taxes. This evidence greatly weakened his credibility and gave the jury reason to question the extent of his loss of income.
Crupe also failed to be candid with the doctors. Doctors Goldware and McDaniel stated that Crupe did not advise them of the fights he had with his wife, fights which he denied during trial. Doctor McDaniel was also not made aware of an automobile accident, subsequent to the one in question, in which Crupe was involved, and Crupe specifically denied ever having any previous problems.
Witnesses, in addition to the ones previously mentioned, also testified at the trial. These witnesses included Crupe’s children and a friend and former friend of Louella Crupe. The plaintiff’s children testified that their father and stepmother never had any physical fights. Ms. Crupe’s former friend testified that Louella Crupe told her that she intended to “get even” with her former husband by weakening his case. Ms. Crupe’s friend, on the other hand, testified about the physical abuse Ms. Crupe suffered at the hand of her husband.
*122 It is because of the numerous credibility questions raised and because the jury was able to see the witnesses and observe their demeanor that we do not believe the decision of the lower court is manifestly erroneous.
For the above and foregoing reasons the judgment of the District Court is affirmed.
All costs of this appeal are assessed against James Herman Crape.
AFFIRMED.