CRAIN, Judge.
This is an appeal of a judgment finding that the plaintiffs medical condition was not work related and therefore not covered by workers compensation.
FACTS
On September 21, 1984, Kenneth Kirt alleges that he was injured while pulling a rope to raise a shaft. He was employed by Oaklawn Sugar Company and the accident was in the course and scope of his employment. The plaintiff saw Dr. Degeyter, an internist, on Friday, September 28, 1984, at the suggestion of his employer. Dr. De-geyter treated him with medication for pain and inflammation. Dr. Degeyter told the plaintiff to refrain from working for a week, but the plaintiff returned to work the following Monday. On October 8,1984, he returned to see Dr. Degeyter, alleging that he was still in pain but thought it might be getting better. He saw Dr. De-geyter again on January 4, 1985, at which time the doctor prescribed physical therapy. The plaintiff was treated by a physical therapist, Carlos Snellgrove, until July, 1985.
The plaintiffs accident occurred during the “dead season”; that is the mill was engaged in maintenance and repairs and was not yet grinding sugar cane. The “grinding season” starts in October and lasts through December. The plaintiffs job during the grinding season is to observe the boiler gauges and push buttons as needed. He did not miss any work due to the injury even though he alleges that he was in pain. In March, 1985, the Oak-lawn mill went bankrupt and the plaintiff was laid-off permanently. He collected unemployment benefits until they expired. After being laid-off he returned to Dr. De-geyter for medical treatment on May 7, June 20, July, August and December, 1985, and March, 1986. Dr. Degeyter recommended that he see an orthopedic surgeon. He then sought treatment from Dr. Bernard Manale, an orthopedic surgeon. He saw Dr. Manale on some eighteen visits commencing on May 21, 1986, approximately six months after this suit was filed.
Self Insurance, Inc. commenced payment of the plaintiffs medical bills upon receipt of an accident report filed by Oaklawn. They paid these until they received information in the fall of 1985 that the plaintiff had been released from Dr. Degeyter’s care and that Dr. Degeyter’s diagnosis was that the plaintiff suffered from a degenerative disc disease which he felt was not related to the accident. In June of 1986, Self Insurance notified Carlos Snellgrove that they would no longer be responsible for the expense of the plaintiffs physical therapy.
Dr. Manale stated that the plaintiff needed a CT scan and a myelogram but these were not done prior to trial due to the plaintiffs inability to pay for these services.
The trial court found that the plaintiff had failed to carry his burden of proving that the accident caused the problems from which the plaintiff suffers.
The issue for review is whether the court erred in finding that the plaintiff is not entitled to workers compensation benefits.
ANALYSIS
The manifest error standard applies in worker’s compensation cases even if evidence consists solely of written reports and depositions. Virgil v. American Guarantee and Liability Insurance Company, 507 So.2d 825 (La.1987). The trial court found that the plaintiff was injured at work and that it “caused some problems” but found that the plaintiff failed to prove that the accident caused his problems. We find this to be manifestly erroneous.
*1001 A worker’s compensation claimant’s disability is presumed to result from an accident, if before the accident the claimant was in good health, and commencing with the accident symptoms of disabling condition appear and continuously manifest themselves thereafter, provided medical evidence shows a reasonable possibility of causal connection between the accident and the disabling condition. Menendez v. Continental Ins. Co., 515 So.2d 525 (La.App. 1st Cir.1987), writ denied 517 So.2d 808 (La.1988).
As stated by this court in Tucker v. Associated Grocers, Inc., 473 So.2d 328, 331 (La.App. 1st Cir.), writ denied, 477 So.2d 716 (La.1985).
A worker’s pre-existing condition does not bar his recovery under the Louisiana Workmen’s Compensation statute. An employer takes the worker as he finds him. An abnormally susceptible worker is entitled to no less protection under the compensation statute than a healthy worker. It is immaterial that the diseased or weakened condition eventually might have produced disability outside the employment situation.
The trial court relied on the medical testimony of Drs. Degeyter and Manale in finding that the plaintiff has chronic arthritic problems brought on by age and genetic conditions. The physicians both found that the plaintiff has a degenerative disc condition as well as bone spurs around his spine in the cervical area as well as polyneuropathy, a nerve disease. While both physicians agreed that the accident probably did not cause the plaintiff’s condition, they both agreed that a trauma could have aggravated the discs and caused them to become symptomatic. Dr. Manale testified that the plaintiff’s condition was such that any trauma could have caused the pain he was experiencing. Dr. Manale found the plaintiff to be permanently disabled.
The trial court found that the plaintiff proved that he had a work-related accident and was injured. The record establishes that the plaintiff was in good health before the accident and after the accident the disabling condition appeared. The trial gave much weight to the fact that the plaintiff continued to work after the accident. The court found that the plaintiff had work weeks of 125 hours, 112 hours, 120 hours and 126 hours. The record clearly establishes that these were the hours for two week work periods, not one. In any event, a person should not be excluded from coverage if he possesses a good work ethic and continues to work in pain in a sedentary, non-rigorous job.
The defendants produced evidence that the plaintiff attempted to do carpentry work (2 weeks), janitorial work (6 days) and two other jobs of less than two weeks in duration. If anything, these failed attempts strengthen the plaintiff’s case.
We reverse the judgment of the trial court and find that the plaintiff proved a causal relationship between the accident and the injury which was not rebutted by the defendant.
We remand to the trial court to make a determination as to the extent of disability and the award thereof.
All costs of this appeal are assessed against the appellee.
REVERSED AND REMANDED.