561 So.2d 135 (1990)
Rose Dupont DIXON, Individually and as Administratrix of the Minor, Kristen Marie Dixon, Plaintiff-Appellee,
v.
LOUISIANA RESTAURANT ASSOCIATION THROUGH SELF INSURORS SERVICE BUREAU, INC., Defendant-Appellant.
No. 88-1231.
Court of Appeal of Louisiana, Third Circuit.
March 14, 1990.
Rehearing Denied April 23, 1990.
R. H. Luke, Bunkie, for plaintiff-appellee.
John T. Bennett, Marksville, for defendant-appellant.
Before DOMENGEAUX, C.J., and GUIDRY and YELVERTON, JJ.
YELVERTON, Judge.
This appeal arises from a worker's compensation claim filed by the deceased worker's widow, personally and as the administratrix of the estate of her granddaughter. The trial judge found that the worker's heart attack arose out of his employment and that the employer did not meet its *136 burden of proof establishing an intervening cause resulting in the worker's death following the heart attack. The defendant appeals the two causation issues, i.e., the job-heart attack, and heart attack-death relationships. We affirm.
Daniel J. Dixon, the deceased worker, was employed by Chandler Parts & Service, Inc., on October 9, 1986. He suffered a heart attack on May 11, 1987, and died November 18, 1987, from either a subsequent heart attack or ventricular fibrillation (it was not medically determined exactly which). After the heart attack of May 11, 1987, Dixon never returned to work.
Chandler Parts & Service, Inc., was in the business of servicing commercial kitchen and laundry equipment. Dixon was employed by Chandler as a repairman. He would go to establishments, such as restaurants and schools, and repair their appliances. Since Dixon lived in Palm Ridge, a small community in Avoyelles Parish, he would leave home at about 5:00 a.m. and drive to Baton Rouge, where Chandler is located. There he would pick up his work orders for the day. He generally worked in central Louisiana and the Baton Rouge area. At the end of the work day he would normally return to Baton Rouge and turn in his work sheets and then drive home.
On May 11, 1987, Dixon left for work as he normally did. At that time he had no complaints of pain. He then went to Simmesport High School, in Simmesport, where he removed an oven motor and installed a new one. Later that day Dixon went to St. Mary's Catholic School in Cottonport where he repaired a walk-in refrigerator and added freon to it. While working on this refrigerator, Dixon began experiencing chest pain and perspiring. He got down from the refrigerator and rested for about thirty minutes. After he had rested he completed the job and went home. His wife, Rose Dixon, testified that he did not look good when he got home. Later that evening after they had eaten, Dixon walked outside for a moment, then came back in the house and asked his wife to take him to the hospital. Dixon's wife took him to Bunkie General Hospital where he was attended to in the emergency room by Dr. Donald E. Hines. Dr. Hines testified that Dixon was in a fair amount of stress in the emergency room. The doctor ran an EKG which showed that Dixon had sustained an acute injury to his heart, a heart attack.
The next day Dixon was transferred to Rapides General Hospital in Alexandria. Dr. Flyes A. Chaundhry performed a coronary angioplasty to the left circumflex artery. Dixon was discharged May 20, 1987.
The trial court found that he never recovered following the May 11, 1987, heart attack. The deposition and VA medical records show that he went to the hospital on a number of occasions in June, July and September 1987 for chest and leg pains. He never returned to work.
On November 18, 1987, Dixon accompanied his son-in-law to some woods. While his son-in-law went hunting, Dixon walked in the woods. Later that day he started having chest pains, and died.
The evidence in this case suggests that Dixon was not in good health and was at high risk for a heart attack. The record shows that he had a family history of heart disease and that he suffered from a pre-existing heart disease. Furthermore, he was a heavy smoker, smoking approximately two packs of cigarettes a day for at least 35 years, and he may have been a little overweight.
The trial judge, after considering the testimony of several witnesses and reviewing the depositions of nine medical doctors, concluded that plaintiffs had proven that the heart attack of May 11, 1987, was causally related and arose out of Dixon's employment. Furthermore, he found that the defendant had not met its burden of proof that Dixon's death, six months later, resulted from an intervening cause.
LSA-R.S. 23:1031 provides that an employee may be paid compensation if he receives personal injury by accident arising out of and in the course of his employment. The function of the "arising out of" requirement is to assure that compensation will be awarded only for personal injury causally related to the employment and *137 fairly part of the employer's cost of doing business. Reid v. Gamb, Inc., 509 So.2d 995 (La.1987). For a heart attack to arise out of or be causually related to the employment, the exertion, stress or strain, acting upon the pre-existing disease, must be of a degree greater than that generated in the employee's every day non-employment life. Carruthers v. PPG Industries, Inc., 551 So.2d 1282 (La.1989). The employment need not be the sole cause of the heart injury in order to satisfy the legal test "arising out of" employment, so long as it is shown to be a contributing, accelerating or aggravating factor. Reid v. Gamb, supra.
The manifest error standard applies in worker's compensation cases and great deference is accorded to the trial judge's factual findings and reasonable evaluations of credibility, including the evaluation of deposition testimony. Virgil v. American Guarantee & Liability Ins. Co., 507 So.2d 825 (La.1987).
On the day of the first accident, May 11, 1987, Dixon had removed a motor from a oven and installed a new one. Additionally, he repaired a walk-in refrigerator and added freon to it. The symptoms of the heart attack began to appear while he was working. He began experiencing chest pains and perspiring profusely. It can hardly be said that the stress caused by the work done by Dixon on that day was not greater than that experienced in everyday non-employment life. Therefore, we find no manifest error in the trial judge's finding that Dixon's employment contributed to the heart attack which occurred later that evening.
The other issue on appeal is whether the second heart attack or ventricular fibrillosis that resulted in his death November 18, 1987, was causally related to his employment.
In Fields v. Sperry Rand Corp., 343 So.2d 339 (La.App. 2d Cir.1977), writ denied 345 So.2d 902 and 345 So.2d 903 (La.1977), the employee suffered a heart attack on the job. A little less than nine months later, the employee died at home never having fully recovered from the first heart attack. The court in that case found that the second heart attack was a natural, forseeable and expectable consequence of the first heart attack and that the employee's death resulted therefrom.
Dixon suffered a heart attack on May 11, 1987. He never returned to work nor did he ever fully recover prior to his death. The trial judge found no intervening causes. He found no evidence that the walk in the woods was strenuous. The medical evidence rendered it uncertain whether Dixon died from a heart attack or ventricular fibrillation. The trial court concluded that Dixon's death, regardless of the precise immediate cause, was reasonably related to the heart attack of May 11, 1987.
The medical evidence in this case is conflicting. Some of the doctors in their depositions stated that the May 11, 1987, heart attack may have contributed, and others stated that it did not. After a complete review of the record we find no manifest error in the trial judge's findings.
For the above and foregoing reasons the trial court's judgment is affirmed, at appellant's costs.
AFFIRMED.