DOMENGEAUX, Chief Judge,
dissenting.
I respectfully suggest that the majority opinion represents a dramatic departure from the recognized rules of appellate re *840 view. I feel rather embarrassed to repeat some of them here, but at the risk of redundancy, do so in the hope that it may benefit some who do not know they exist.
The Louisiana Supreme Court in the case of Rosell v. ESCO, 549 So.2d 840 (La.1989), summarized the manifest error/clearly wrong standard, as follows:
It is well settled that a court of appeal may not set aside a trial court’s or a jury’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong,” and where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. Arceneaux v. Domingue, 365 So.2d 1330, 1333 (La.1978); Canter v. Koehring, 283 So.2d 716, 724 (La.1973). See also, Sevier v. United States Fidelity & Guaranty Co., 497 So.2d 1380, 1383 (La.1986); West v. Bayou Vista Manor, Inc., 371 So.2d 1146, 1150 (La.1979); Davis v. Owen, 368 So.2d 1052, 1056 (La.1979); Cadiere v. West Gibson Products Co., 364 So.2d 998, 999 (La.1978); A. Tate, “Manifest Error” Further observations on appellate review of facts in Louisiana civil cases, 22 La.L.Rev. 605, 611 (1962). The appellate review of fact is not completed by reading only so much of the record as will reveal a reasonable factual basis for the finding in the trial court, but if the trial court or jury findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder’s choice between them cannot be manifestly erroneous or clearly wrong. Arceneaux, supra at 1333, Watson v. State Farm Fire & Casualty Ins. Co., 469 So.2d 967 (La.1985). In applying the manifestly erroneous — clearly wrong standard to the findings below, appellate courts must constantly have in mind that their initial review function is not to decide factual issues de novo. See, F. Maraist, The Work of the Louisiana Appellate Courts for the 1978-1979 Term — A Faculty Symposium, Civil Procedure, 40 La.L.Rev. 761, 764 (1980); Comment, Appellate Review of Facts in Louisiana Civil Cases, 21 La.L.Rev. 402, 412 (1961); Cf. Anderson v. City of Bessemer City, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 89 S.Ct. 1562, 23 L.Ed.2d 129 (1969).
When findings are based on determinations regarding the credibility of witnesses, the manifest error — clearly wrong standard demands great deference to the trier of fact’s findings; for only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener’s understanding and belief in what is said. Canter, supra at 724; Virgil v. American Guarantee & Liability Ins. Co., 507 So.2d 825, 826 (La.1987); Boulos v. Morrison, 503 So.2d 1, 3 (La.1987); Williams v. Keystone General Contractors, Inc., 488 So.2d 999, 1001 (La.1986); Johnson v. Insurance Co. of North America, 454 So.2d 1113, 1117 (La.1984); Berry v. Livingston Roofing Co., 403 So.2d 1247, 1249 (La.1981); Crump v. Hartford Accident & Indemnity Co., 367 So.2d 300, 301 (La.1979). Where documents or objective evidence so contradict the witness’s story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable fact finder would not credit the witness’s story, the court of appeal may well find manifest error or clear wrongness even in a finding purportedly based upon a credibility determination. See, Wilson v. Jacobs, 438 So.2d 1119 (La.App. 2d Cir.1983), writ denied, 443 So.2d 586 (La.1983). Cf. State v. Mussall, 523 So.2d 1305 (La.1988); Anderson v. City of Bessemer City, 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); U.S. v. U.S. Gypsum Co., 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1948). But where such factors are not present, and a factfinder’s finding is based on its decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong. See Jackson v. Tate, 428 So.2d 882, 884 (La.App. 1st Cir.1983), citing McDonald v. Book, 215 So.2d 394 (La. *841 App. 3d Cir.1968), overuled on other grounds, Celestine v. Hub City Motors, Inc., 827 So.2d 700 (La.App. 3d Cir.1976). Cf. Anderson, supra, [470 U.S.] at 575, 105 S.Ct. at 1512; Schexnider v. McDermott International Inc., 868 F.2d 717, 720 (5th Cir.1989); Employers Ins. of Wausau v. Suwannee River Spa Lines, Inc., 866 F.2d 752, 770 (5th Cir.1989); U.S. v. Hibernia National Bank, 841 F.2d 592, 595 (5th Cir.1988); Hanson v. Veterans Administration, 800 F.2d 1381, 1388 (5th Cir.1986). (Footnote omitted.)
549 So.2d at 844-845.
Credibility calls are the function and prerogative of the trial court. Holmes v. International Paper Co., 559 So.2d 970 (La.App. 2d Cir.1990); Bruno v. Harbert Intern. Inc., 593 So.2d 357 (La.1992).
In Bailey v. Smelser Oil & Gas, Inc., 620 So.2d 277 (La.1993), the Supreme Court, citing LSA-R.S. 23:1221(l)(c) for the “clear and convincing” burden of the plaintiff in proving temporary total disability, added:
While the worker’s compensation laws are to be construed liberally in favor of the claimant, that interpretation cannot lessen the plaintiffs burden. [Citations omitted.] Disability can be proven by medical and lay testimony. The trial court must weigh all the evidence, medical and lay, in order to determine if the plaintiff has met his burden. [Citations omitted.] This factual finding should be given great weight and should not be overturned absent manifest error. [Citations omitted.] (Emphasis added.)
620 So.2d at 279-280.
In the case of Culp v. Belden Corp., 432 So.2d 847 (La.1983), our Supreme Court reiterated the standard of review as follows:
On appellate review, the trial court’s factual findings concerning work-related disability should be given great weight and should not be disturbed where the evidence before the trier of fact supports a reasonable factual basis for the trial court’s findings, unless clearly wrong. (Emphasis added.)
432 So.2d at 851.
In the case of Bruno v. Harbert Intern, Inc., 593 So.2d 357 (La.1992), the trial court held for plaintiff, the court of appeal reversed and the Supreme Court reversed the court of appeal, stating:
In determining whether the worker has discharged his or her burden of proof, the trial court should accept as true a witness’s uncontradicted testimony, although the witness is a party, absent “circumstances easting suspicion on the reliability of this testimony.” West [v. Bayou Vista Manor], 371 So.2d [1146] at 1147; Holiday v. Borden Chemical, 508 So.2d 1381, 1383 (La.1987). The trial court’s determinations as to whether the worker’s testimony is credible and whether the worker has discharged his or her burden of proof are factual determinations not to be disturbed on review unless clearly wrong or absent a showing of manifest error. Gonzales v. Babco Farms, Inc., 535 So.2d 822, 824 (La.App. 2d Cir.), writ denied, 536 So.2d 1200 (La.1988) (collecting cases). Indeed, the manifest error/clearly wrong standard of appellate review applies in compensation actions even when the trial court’s decision is based solely upon written reports, records or depositions. Virgil v. American Guarantee and Liability Insurance Co., 507 So.2d 825 (La.1987).
593 So.2d at 361.
In the case of Williams v. Regional Transit Authority, 546 So.2d 150 (La.1989), the trial judge accepted the testimony of one physician and rejected that of another; the court of appeal reversed, and the Supreme Court, in recognizing the trial judge’s prerogative, held:
It is well established that the trial judge has considerable discretion in accepting or rejecting expert testimony, and that the trial judge’s decision to accept the testimony of one expert over another should not be disturbed absent manifest error. [Citations omitted.]
546 So.2d at 157.
On the question of proof of causation, the Louisiana Supreme Court in Prim v. City of Shreveport, 297 So.2d 421 (La.1974), stated:
Although procedural rules are construed liberally in favor of workmen’s compensa *842 tion claimants, the burden of proof, by a preponderance of the evidence, is not relaxed. Thus, the testimony as a whole must show that more probably than not an employment accident occurred and that it had a causal relation to the disability. If the testimony leaves the probabilities equally balanced, the plaintiff has failed to carry the burden of persuasion. Likewise, the plaintiffs case must fail if the evidence shows only a possibility of a causative accident or leaves it to speculation or conjecture. [Citations omitted.]
297 So.2d at 422.
For an excellent reference to the standard of appellate review generally and the restraints imposed on the reviewer concerning factual matters, see the concurring opinion of Justice Ortique in Thomas v. Highlands Ins. Co., 617 So.2d 877 (La.1993).
Following are the reasons advanced by the trial judge in the case sub judice:
This matter came before the court on a worker’s compensation claim for injuries sustained by the plaintiff while employed by the defendant. The issues before the court are whether plaintiff is entitled to supplemental earnings benefit after being fired from employment in 1985, and whether medical expenses after July 6, 1984 should be paid, and also whether penalties and attorneys fees should be awarded to plaintiff for the failure of defendant to pay compensation timely.
The court after a careful consideration of the evidence finds that plaintiff failed to establish by a preponderance of the evidence that any complaints of pain or injury after July 6, 1984, were related to the on job injuries sustained by plaintiff in February of 1984. The vast majority of and the huge weight of the evidence, clearly favors the position of the defendant. Numerous exams of the plaintiff reflect no disability related to the accident, with the exception of Dr. Gol’s records. The court finds that the evidence of limited problems presented by the defense far outweigh the testimony favoring the position of the plaintiff.
It is clear the opinion of Dr. Foster stated below is the opinion of a number of doctors seen by plaintiff. The court adopts this opinion as most convincing based upon viewing the witnesses, and weighing the evidence. Dr. Foster stated:
The subjective complaints far outweigh any physical findings as he has no objective findings. I do believe that he is sincere and probably still has some slight residual from his straining injury but not enough to prohibit him from continuing work. There is no reason why he can’t fulfill his usual occupation as a heavy equipment operator.
It is evident that any problems plaintiff had after terminating his employment in 1985 was not related to his on the job injury. Thusly no medical is recoverable by plaintiff that was incurred after July 6, 1984.
For the foregoing reasons it should be immediately obvious that no penalties or attorneys fees are due in this matter.
The court hereby renders judgment in favor of the defendant and against the plaintiff dismissing plaintiffs claims at plaintiffs costs.
A judgment to this effect will be signed when presented.
Lake Charles, Louisiana this 7th of February, 1992.
In denying plaintiffs motions for new trial, the judge said:
This matter came for hearing before the court on a motion for new trial from a judgment rendered by the court in this matter on February 18, 1992. After carefully reviewing the record again and hearing the arguments of counsel, the court finds that the motion for new trial should be denied. The court reiterates its reasons for judgment in the previous opinion.
A judgment to this effect will be signed when presented.
Lake Charles, Louisiana this 5th day of June, 1992.

DISCUSSION

As a prelude to a discussion of the legal evidence contained in the record, it is interesting to note that a less than subtle attempt is made in the majority opinion to refer to *843 the plaintiffs use of “Pereodan” allegedly prescribed by a Dr. H.L. Snider. At oral argument one of the attorneys indicated that Dr. Snider is a dentist. The majority opinion recognizes.that the record is silent as to the reason this medication was prescribed and, in fact, recognized that the “Pereodan” was prescribed for something other than plaintiffs alleged back injury. Notwithstanding, and based on pure unadulterated speculation and self service, the majority opinion states that the Pereodan, without a doubt, was an effective aid to plaintiff to control his back pain between August 2, 1984 and November 21, 1984. Thus, the majority herein has, in effect, created and relied on its own “evidence”!
A careful reading of the majority opinion leaves no doubt that it is based on the conclusions of the chiropractor Dr. Bauer and the Houston neurologist, Dr. Gol. Dr. Gol did state that it was reasonable to assume that the pain which plaintiff complained of when he returned in June 1985 was a recurrence of the original pain, but he also said that it was not possible to exclude a new injury as the cause of the complaints of pain in June 1985.
Except for Drs. Bauer and Gol, the conclusions of all of the other medical experts were unfavorable to plaintiff.
Dr. Clark Gunderson and Dr. Shamieh, physicians chosen by plaintiff to treat him for his February 1984 injury, released him to return to work in July of 1984.
Dr. Dale Bernauer, who was consulted by plaintiff in May of 1986, concluded, after diagnostic testing on plaintiff, that there was no treatment he could offer because plaintiffs complaints did not correlate with the physical findings of the tests.
Dr. Veca saw plaintiff on December 26, 1985 and found no objective evidence regarding plaintiffs continued complaint.
Dr. Romero saw plaintiff in February, April and May of 1984. He found spasms in February and April 1984 and diagnosed plaintiff as having a lumbosacral strain. Plaintiffs last visit to Dr. Romero was on May 21, 1984, at which time plaintiff still persisted to have low back pain in spite of He found no neurological de-treatment, fects.
Dr. Looney saw plaintiff on February 21, 1984. His report states that plaintiffs X-rays were normal and that the physical examination was “not remarkable.”
Referring back to Dr. Gunderson, a reading of his entire deposition makes it clear that whatever problems plaintiff had as of January 1990 were not related to his accident of February 1984. His one isolated response to a hypothet posed by plaintiffs attorney was that it was probable that plaintiffs alleged back problems were related to the February 1984 accident. His responses before and after that statement were couched in the realm of “possible” situations. Eliminating the typical strategem utilized in the deposition to wile the doctor from his well-considered opinion, it is clear how Dr. Gun-derson stood: Plaintiffs complaints were not referable to the 1984 event.
The neurologist, Dr. Foster, examined plaintiff on August 30, 1984. He received a report of the various tests which had been previously performed on plaintiff, including CT scan, EMG, and myelogram. He also knew that plaintiff had some physical therapy. He was apprised of the fact that plaintiff had previously been seen by Drs. Gunderson, Romero, and Shamieh. His report, which was used by the trial judge as an example of the opinions of a vast majority of the other physicians who saw plaintiff, was to the effect that plaintiff had received a lumbar strain injury of moderate severity and that plaintiffs subjective complaints far outweigh any physical findings as to any objective findings. He thought plaintiff was sincere and probably still had some slight residual from his straining injury, but not enough to prohibit him from continuing work. The doctor said there was no reason why plaintiff could not fulfill his usual occupation as a heavy equipment operator.
The trial judge was confronted with some credibility questions concerning the legitimacy of plaintiffs complaints in view of the medical evidence, the reason plaintiff was terminated from his job, and certain circumstances concerning activities during the 13 month period from the time he returned to *844 work and the time he became separated from his job:
Plaintiffs job with defendant at the time of his February 1984 injury was that of a heavy equipment operator. He operated a Caterpillar 966-C front end loader and a A-6 bulldozer. The Caterpillar weighed about 20 tons and the dozer about 80 tons. To operate either machine required active use of the arms, legs, feet and body. This is not a cream puff job.
It is obvious that the trial judge did not think it reasonable that a person, complaining as plaintiff allegedly did, could carry on this strenuous work for 13 months. That circumstance, coupled with the vast majority of the medical evidence, not to mention credibility, obviously caused the district judge to rule against plaintiff.
Applying the rules of appellate review stated above to the circumstances of this case, it is inconceivable that this case should be reversed.
In oveiTuling the trial judge, the majority throws the rule books out of the window.
I respectfully dissent and would affirm the district court ruling.