IjPECUIR, Judge.
Janice Malbrew claims that she remains temporarily totally disabled due to a mental injury caused by physical injury to her low back sustained on March 7, 1994, while employed as a seamstress for Port Barre Mills, Inc. Defendant paid TTD benefits from March 14, 1994, through January 25, 1995, at which time benefits were terminated based upon medical reports received from plaintiffs various physicians. Plaintiff refused defendant’s offer of employment in a modified position after benefits were terminated. Nevertheless, defendant voluntarily re-instituted benefits from July 13, 1995 through the date of trial on October 5,1995.
After trial on the merits, the hearing officer issued reasons and rendered judgment dismissing plaintiffs claim. The hearing officer found that plaintiff was not disabled from a physical standpoint and did not prove by clear and convincing evidence a mental injury caused by a physical injury. Furthermore, the hearing officer found that the defendant was justified in terminating benefits in January of 1995.
hMalbrew appeals contending that the hearing officer erred in finding that: plaintiff did not sustain a physical injury; plaintiff did not prove a mental injury caused by a physical injury; and defendant was justified in terminating benefits. Plaintiff further contends the hearing officer erred in failing to award medical mileage expense.
La.R.S. 23:1021(7)(e) provides:
(c) Mental injury caused by physical injury. ,A mental injury or illness caused by a physical injury to the employee’s body shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this Chapter unless it is demonstrated by clear and convincing evidence.
By her first assignment of error plaintiff contends the hearing officer erred in finding that plaintiff did not sustain “physical injury” to her body. Pursuant to the statute, in order to obtain compensation benefits for a mental injury caused by a physical injury, (1) the claimant must prove by clear and convincing evidence that the physical injury caused the mental injury, (2) the mental injury must be diagnosed by a licensed psychiatrist or psychologist, and (3) the diagnosis must meet the most current criteria established by the American Psychiatric Association’s Diagnostic and Statistical Manual of Mental Disorders. Charles v. South Central Industries, 96-0883 (La.11/25/96); 683 So.2d 706, 709, citing Howell v. Service Merchandise Co., Inc., 95-79, p. 5 (La.App. 3 Cir.8/9/95); 663 So.2d 96, 99. The hearing-officer’s factual determination as to whether the plaintiff has discharged her burden of proof should not be disturbed on review in the absence of manifest error. Bruno v. Harbert International, Inc., 593 So.2d 357 (La.1992). The hearing officer’s assessments of the credibility of witnesses or the weight of the medical evidence is not to be disturbed unless clearly wrong. Virgil v. American Guarantee & Liability Ins. Co., 507 So.2d 825 (La.1987).
13Thus, plaintiff must first prove by clear and convincing evidence that she suffered a “physical injury.” Plaintiff does not contend on appeal that the hearing officer erred in finding that plaintiff is not physically disabled, which finding is based upon the testimony of Dr. John Humphries, the state appointed orthopedist, Dr. Clifton Shepard, an orthopedist, and Dr. Kevin Gorin, a psychiatrist. In fact, in brief, plaintiff concedes she cannot sustain her burden of proof by clear and convincing evidence on a “continu *261 ing physical basis because the more recent medical evidence simply will not support it.”
Plaintiff does contend, however, that the hearing officer erred in finding that plaintiff did not sustain a “physical injury.” The hearing officer based her findings of no physical injury upon the testimony of Dr. Gorin who testified he could not detect any objective findings of an injury and in his opinion plaintiff is not disabled. Furthermore, we note that Dr. Steve Rees, plaintiffs own treating psychiatrist, testified he found little objective evidence of any injury and found no specific neurological abnormalities. Additionally, we note that plaintiff admitted that she could perform housework and that she never attempted to return to work. Only Dr. Frank Anders, plaintiffs treating physician, provided medical testimony favorable to plaintiff on this issue; however, he admitted his opinion is premised solely on plaintiffs subjective complaints.
It appears from the record evidence that, plaintiff falls far short of proving entitlement to benefits under La.R.S. 23:1021(7)(c) by the clear and convincing standard. Thus, we find no manifest error in the hearing officer’s finding that Malbrew did not sustain a physical injury.
Plaintiff argues that she now suffers from a physically induced psychological disability that prevents her from returning to any gainful employment. Having found |4that plaintiff failed to prove a “physical injury,” plaintiffs contention that the hearing officer erred in failing to find that plaintiff proved a mental injury caused by a physical injury is rendered moot. Nevertheless, we note that the only witness qualified to testify as to mental injury or illness was Dr. Frank Fried-berg, the only clinical psychologist to examine plaintiff, who diagnosed emotional problems as a result of “any physical difficulties that might exist.” Dr. Friedberg stated that while he did not think plaintiff was “consciously malingering,” she is “probably exaggerating symptomology.” More importantly, Dr. Friedberg admitted in testimony that he could not say that plaintiffs mental problems were caused by her alleged work-related accident.
Accordingly, we also find no error in the hearing officer’s finding that the defendant was justified in terminating benefits in January 1995.
Finally, defendant does not dispute that plaintiff is entitled to medical mileage expenses submitted at trial. The judgment and reasons for judgment are silent on this issue. Mileage expenses totaling $181.44 were introduced at trial without objection. The judgment of the Office of Workers’ Compensation is hereby amended to include an award in favor of Janice Malbrew in the amount of $181.44 for medical mileage expenses incurred.
Costs of appeal are to be assessed one-half to each party.
AFFIRMED AS AMENDED.
SAUNDERS, J., dissents.
THIBODEAUX, J., dissents and assigns reasons.