I2RBMY CHIASSON, Judge Pro Tern.
Defendants-appellants, Barber Brothers Contracting Company and its insurer, Audubon Indemnity Company, appeal the trial court judgment finding them 60 percent at fault for injuries sustained by the plaintiff, Jose Quinones, when he lost control of his vehicle on a road that was under construction by Barber Brothers. The trial court awarded Mr. Quinones $12,036.25 in damages. On appeal, defendants contend that the trial court erred in finding that Barber Brothers *818 caused the accident, and alternatively that the trial court erred in its allocation of fault between the parties. We affirm.
Although the evidence in this matter consists solely of written reports, depositions and exhibits, we continue to apply the manifest error standard of review. Virgil v. American Guarantee and Liability Insurance Company, 507 So.2d 825, 826 (La.1987). Thus we must give great weight to the trial court’s findings where there is evidence which furnishes a reasonable factual basis for these findings. Webster v. Terrebonne Parish Council, 515 So.2d 461, 462 (La.App. 1st Cir.1987), writ denied, 516 So.2d 368 (La.1988).
FACTS
The accident occurred on October 20,1993, at approximately 9:15 a.m. as the plaintiff was returning to Central Auto Sales after running an errand. The plaintiff lost control of his vehicle after he turned onto Windsor Street from the Florida Boulevard service road and attempted to cross the two lanes of Windsor and enter the driveway of Central Auto Sales. The plaintiff lost control of his car and slid into a fire hydrant adjacent to the driveway. At the time of the accident Windsor Street was undergoing construction by Barber Brothers, and was essentially a dirt road. The plaintiff apparently lost control of his vehicle after entering Windsor and losing traction because of the road surface. Mr. Christopher Butler, an employee of Barber Brothers, was stationed at the intersection to detour motorists from entering Windsor; however, at the time that Mr. Quinones entered Windsor Street, Mr. Butler had left his post to talk with a bystander.
Barber Brothers contends that the accident was caused solely by the plaintiffs actions in failing to stop at the intersection before turning right onto Windsor Street and in faffing to heed traffic warning signs. Barber Brothers further contends that there was no proof of any defect in the roadway.
_JjThe record contains conflicting evidence concerning whether the plaintiff came to a complete stop before turning onto Windsor Street and whether there were warning signs posted before the accident occurred. The trial court made the following findings regarding the evidence:
Quinones was aware that Windsor had been under construction. There was conflicting testimony as to whether Quinones stopped at the stop sign located at the intersection of Florida Blvd. and Wind-sor_ However, it is certain that Qui-nones had to be traveling at a speed greater than the prevailing conditions would allow in order to incur the property damage and bodily damage that resulted.
Evidence established that Barber Brothers was responsible for creating the hazardous condition on the roadway known as Windsor. It was also established that Barber Brothers did not have warning signs posted at the immediate entrance of Windsor. Additionally, the flagman was not located at the entrance of Windsor, and the flagman failed to warn plaintiff or instruct plaintiff to make a detour around Windsor.
We have reviewed the record and find that it contains ample evidence to support the trial court’s findings that the roadway presented a hazardous condition and that Barber Brothers was at fault in this accident.
We further find no error in the trial court’s assessment of comparative fault. It is well settled that the allocation of comparative negligence is a factual matter within the sound discretion of the trier of fact and such determination will not be disturbed on appeal in the absence of manifest error. Haydel v. Hercules Transport, Inc., 94-1246 (La.App. 1st Cir. 4/7/95), 654 So.2d 418, 430, writ denied, 95-1172 (La.6/23/95), 656 So.2d 1019. When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for its finding, the appellate court should not disturb this finding. Daigle v. Legendre, 619 So.2d 836, 840-841 (La.App. 1st Cir.), writ denied, 625 So.2d 1040 (La.1993).
The Louisiana Supreme Court, in Watson v. State Farm Fire and Casualty Insurance Company, 469 So.2d 967, 974 (La.1985), set forth guidelines for apportioning fault under the doctrine of comparative negligence. The court adopted the following lan *819 guage from the Uniform Comparative Fault Act 2(b) and comment:
In determining the percentages of fault, the trier of fact shall consider both the nature of the conduct of each party at fault and the extent of the causal relation between the conduct and the damages claimed.
|4In assessing the nature of the conduct of the parties, various factors may influence the degree of fault assigned, including: (1) whether the conduct resulted from inadvertence or involved an awareness of the danger, (2) how great a risk was created by the conduct, (3) the significance of what was sought by the conduct, (4) the capacities of the actor, whether superior of inferior, and (5) any extenuating circumstances which might require the actor to proceed in haste, without proper thought. Watson, 469 So.2d at 974.
It is clear that Barber Brothers was in a superior position with regard to the potential danger presented by the roadway. Barber Brothers’ failure to have signs posted and the inattentiveness of its flagman left plaintiff with no warning of the dangerous nature of the roadway. Mr. Quinone’s conduct, while negligent, did not involve an awareness of the danger.
We believe that the record furnishes a reasonable factual basis for the trial court’s finding assessing Barber Brothers with 60 percent of the fault.
For the reasons set forth herein, we affirm the judgment of the trial court in all respects. Costs of this appeal are to be paid by the appellants.
AFFIRMED.
FITZSIMMONS, J., dissents and assigns reasons.