637 So.2d 648 (1994)
Billy NUBLES
v.
H & J EMPLOYMENT SERVICE, et al.
No. 25,792-KA.
Court of Appeal of Louisiana, Second Circuit.
May 4, 1994.
*649 C. Daniel Street, Monroe, for appellant.
Donald J. Anzelmo, Crawford & Anzelmo, Monroe, for appellee.
Before HIGHTOWER and WILLIAMS, JJ., and LOWE, J. Pro Tem.
WILLIAMS, Judge.
Claimant appeals a worker's compensation administrative hearing officer's finding that his heart condition was not a work-related injury. After reviewing the record and the applicable law, we affirm.

FACTS
The claimant, Billy Nubles, was employed by Bayou Masons, Inc. as a bricklayer. On July 6, 1992, the claimant was working on a job at the North Monroe Community Hospital laying bricks for the MRI building that was under construction. Claimant had been working in direct sunlight and the temperature on that day was extremely hot. Shortly before lunch, claimant began to feel unusual and noticed that he had stopped sweating. After only drinking Gatorade for lunch, he began to experience nausea, vomiting, headaches and pain "all over." He left work and went home. The claimant's wife subsequently took him to the emergency room at North Monroe Community Hospital.
While at the emergency room, claimant reported that he was also experiencing chest pain. The claimant had suffered a heart attack in 1989, and he was taking medication for his heart condition. The emergency room doctor noted on the emergency room chart that they needed to rule out heat exhaustion. Dr. Emile Barrow, a cardiologist, was consulted to evaluate claimant's chest pain.
Tests revealed that the claimant had not experienced a heart attack, but two of his coronary arteries were significantly occluded. As a result of these findings, claimant underwent double-bypass heart surgery.
Claimant ultimately filed a claim for compensation against defendant, Bayou Masons, Inc. and its insurer, Employer's Insurance of Wausau.[1]
After the trial, the hearing officer relied on the provisions of LSA-R.S. 23:1021(7)(e) to conclude that the claimant was not engaged in physical work stress that was extraordinary and unusual in comparison to the stress or exertion experienced by the average employee in his occupation. She denied his claim for compensation. Claimant appeals.

DISCUSSION
On appeal, claimant assigns as error, the hearing officer's failure to award worker's compensation benefits and medical benefits for his heat stroke, angina and double-bypass heart surgery.
LSA-R.S. 23:1021(7)(e) establishes the standard for determining whether a heart-related injury, illness, or death arises out of and in the course of employment:
A heart-related or perivascular injury, illness, or death shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this Chapter unless it is demonstrated by clear and convincing evidence that:
(1) the physical work stress was extraordinary and unusual in comparison to the stress or exertion experienced by the average employee in that occupation, and
(ii) the physical work stress or exertion, and not some other source of stress or preexisting condition, was the predominant and major cause of the heart-related or perivascular injury, illness, or death.
*650 Under the statute, claimant must satisfy two requirements before his heart-related illness will be deemed to have arisen out of and in the course of employment: (1) his physical work stress or exertion must be extraordinary and unusual in comparison to that experienced by the average bricklayer; and (2) the physical work stress or exertion, and not some other source of stress or preexisting condition, was the predominant and major cause of his illness. See generally, Charles v. Travelers Insurance Co., 627 So.2d 1366 (La. 1993); Cosse v. Orleans Material and Equipment, 626 So.2d 440 (La.App. 4th Cir.1993).
The hearing officer's findings in regard to whether the employee's testimony is credible and whether the employee has discharged his burden of proof are factual determinations which will not be disturbed on review unless clearly wrong or manifestly erroneous. Gonzales v. Babco Farm, Inc., 535 So.2d 822 (La.App. 2d Cir.1988), writ denied, 536 So.2d 1200 (La.1988). The manifest error/clearly wrong standard of appellate review applies in a worker's compensation action even when the trial court's decision is based solely upon written reports, records or depositions. Virgil v. American Guarantee & Liability Ins. Co., 507 So.2d 825 (La.1987).
Claimant concedes in brief that his angina was not brought about by any extraordinary stress or exertion but contends it was caused by a compensable event, i.e., heat exhaustion.[2] He argues the heat exhaustion caused his heart condition to become symptomatic.
Section 1021(7)(e) clearly provides that a heart-related illness is not compensable unless the predominate cause of the injury was extraordinary or unusual physical work stress or exertion. The claimant's arteries were 75, 80, 95 and 100 percent occluded. Dr. Barrow opined that it was reasonable to expect claimant to experience angina even if he did not have a history of heat exhaustion. He further stated that the heat exhaustion did not cause a change in claimant's condition; it merely demonstrated that his cardiac problems had become more significant. More importantly, Dr. Barrow testified that the predominate and major cause of claimant's heart-related illness was his coronary disease. Thus, the hearing officer was not clearly wrong in finding that claimant's heart-related illness was not a compensable injury under the Act.
As his final argument, claimant challenges the hearing officer's denial of his request for penalties and attorney fees. Medical evidence was presented at trial to show that claimant's heart condition was not compensable under the Act. Defendant was not arbitrary or capricious in controverting claimant's request for benefits. See Lubom v. L.J. Earnest, Inc., 579 So.2d 1174 (La.App. 2d Cir.1991). We find no error in the hearing officer's denial of penalties and attorney fees.
For the foregoing reasons, we affirm the judgment of the hearing officer at appellant's costs.
AFFIRMED.
NOTES
[1] Claimant initially sued H & J Employment Service. He later amended his petition to add Bayou Masons, Inc. as a defendant. H & J Employment Services was subsequently dismissed as a defendant.
[2] Claimant testified during the hearing that he had been a bricklayer for approximately thirty-five years. He further testified that on the day he became ill, he was not doing anything unusual or different from any previous bricklaying job.