JiSAUNDERS, Judge.
In this workers’ compensation proceeding, defendants balk at claimant’s request that it pay for two cardiovascular operations, contending that claimant failed to make his case under the stringent requirements of LSA-R.S. 23:1021(7)(e), pertaining to heart-related or perivascular injuries. The hearing officer concluded that the provision is not applicable and held the employer and its insurer responsible for claimant’s medical expenses, finding that these expenses were caused not by the accident itself, but resulted from complications from claimant’s medically necessary treatments. We affirm.
| zFACTS
This claim arises out of an automobile accident on November 22, 1991, when a vehicle driven by Sam Latiolais, while in the employ of Emile Barras, Inc., was rear-ended by another vehicle. As a result of his lower back injuries, claimant received workers’ compensation benefits and medical expenses, including the expenses of an operation to his lumbar spine. At issue in this proceeding is some $48,000.00 in additional medical expenses incurred in July and October of 1992 relating to claimant’s perivascular system.
The question before us is whether LSA-R.S. 23:1021(7)(e) is applicable:
(e) Heart-related or perivascular injuries. A heart-related or perivascular injury, illness, or death shall not be considered a personal injury by accident arising out of and in the course' of employment and is not compensable pursuant to this Chapter unless it is demonstrated by clear and convincing evidence that:
(i) The physical work stress was extraordinary and unusual in comparison to the stress or exertion experienced by the average employee in that occupation, and
(ii) The physical work stress or exertion, and not some other source of stress or preexisting condition, was the predominant and major cause of the heart- *411 related or perivascular injury, illness, or death.
If so, as claimant concedes, his claim would necessarily be defeated because his heart-related complications were not caused by extraordinary work stress occurring on the job. Claimant maintains that his heart-related expenses are nonetheless compensable under LSA-R.S. 23:1203 due to “the clear, direct, and proximate medical connection between the heart-related condition and treatment and its onset caused by the sequelae of plaintiffs lumbar spinal injury.”
Specifically, plaintiff maintains that his lumbar disc injury required him to undergo a major invasive back surgery which forced him to adopt a sedentary lifestyle, and it was this inability to exercise and maintain physical activity that led |gto heart problems, including an acute heart attack in July, 1992. Thus, Latiolais maintains, because the July and October, 1992, hospitalizations were caused, albeit indirectly, by his lumbar spine injury, his medical bills are legally compensa-ble.
Defendants, on the other hand, vigorously argue that no heart-related injury is compen-sable under the Louisiana Workers’ Compensation laws unless the criteria set forth in LSA-R.S. 23:1021(7)(e) have been met. Because claimant concedes that no extraordinary stress was involved in his heart problems, defendants maintain that they are entitled to judgment.
The findings of fact of a hearing officer are subject to the manifest error standard of review. Charles v. Travelers Ins. Co., 627 So.2d 1366 (La.1993), citing White v. La. Public Service Commission, 259 La. 363, 250 So.2d 368 (La.1971) and Virgil v. American Guarantee and Liability Insurance Company, 507 So.2d 825 (La.1987).
The testimony of claimant’s two treating-physicians, Drs. Toce and Guillory, is suggestive of two conclusions, either of which would not be clearly wrong on appellate review: that but for the accident claimant’s asymptomatic cardiologic status would not have felled him; or that claimant was doomed to have his heart problems anyway. The hearing officer accepted the factual scenario presented by claimant. Having reviewed the record, we find no clear error in the hearing officer’s determination. Rosell v. ESCO, 549 So.2d 840, 844-45 (La.1989).
Consequently, the question before us is whether a heart-related injury that is not compensable under LSA-R.S. 23:1021(7)(e), may nevertheless be compensated under LSA-R.S. 23:1203 when caused by medical complications from a legally com-pensable claim rather than from a work-place accident. We answer this question affirmatively and affirm on that basis.
Uln workers’ compensation cases, the em7 ployer is responsible for furnishing all necessary medical expenses. LSA-R.S. 23:1203. Although the Workers’ Compensation Act does not specifically cover complications suffered subsequent to work-related accidents resulting from treatments related to the work-related accidents, “the jurisprudence has rather uniformly done so.” Malone and Johnson, Workers’ Compensation Law and Practice, 13 Louisiana Civil Law Treatise (3rd ed. 1994), § 236 at 589. See generally, Menendez v. Continental Ins. Co., 515 So.2d 525, 528 (La.App. 1st Cir.1987), writ denied, 517 So.2d 808 (La.1988); Andrus v. Great American Insurance Company, 161 So.2d 109, 112 (La.App. 3d Cir.), writ denied, 163 So.2d 360 (La.1964); Ryan v. Aetna Casualty and Surety Company, 161 So.2d 286, 289 (La.App. 2d Cir.1964).
In support of their position, defendants cite Charles, supra, and Nubles v. H & J Employment Service, 25,729 (La.App. 2d Cir. 5/4/94), 637 So.2d 648. However, these cases are distinguishable, as they concern claimants alleging heart attacks suffered in the course and scope of their employment, rather than heart ailments arising from complications from medical treatments required by LSA-R.S. 23:1203.
Accordingly, the judgment of the hearing officer is affirmed at defendant’s costs.
AFFIRMED.