11 CLARK, Judge Pro Tem.
The claimant in this worker’s compensation case, Clarence Smith, appeals a judgment which found that his job-related knee injury was unrelated to his subsequent hypertension and stroke and that he was only entitled to supplemental earning benefits (SEB) of $155.26 per month as a result of the knee injury. For the reasons set forth below, we affirm the decision of the worker’s compensation hearing officer.
FACTS
The claimant, an employee of Georgia-Pacific, injured his left knee on August 13, 1985, when he slipped and fell while trying to get on a forklift. Thereafter, he underwent knee surgery in November 1985 and August 1986. According to one of his treating orthopedic surgeons, Dr. W.W. Fox, the claimant reached maximum medical improvement in February 1990, at which time Dr. Fox assessed a 50% partial permanent disability. In May 1992, the claimant underwent another knee surgery. In October 1993, he began treatment under the care of Dr. Richard Ballard for bilateral knee pain.
Sometime after the accident, the claimant began to exhibit signs of hypertension, and in March 1993 he sustained an intracerebral hemorrhage. He was treated by Dr. George Beach, a neurosurgeon, and Dr. Alan Borne, a board-certified internist.
From August 1985 to April 17,1993, Georgia-Pacific paid benefits at the rate of $173.26 per week. However, it then reduced the payment to SEB benefits of $155.26 per month; the reduction was based upon available jobs identified by a vocational expert as being within the claimant’s capabilities and geographical area prior to his stroke. While Georgia-Pacific paid all ^medical expenses related to the knee injury, it declined to pay medical expenses related to the hypertension and stroke.
In October 1993, the claimant filed his claim with the Office of Worker’s Compensation. By stipulation, the matter was submitted on the depositions of the claimant and six medical doctors. (Five of the medical experts had treated the claimant, and the sixth one, Dr. Thomas Flynn, was a neurosurgeon hired by Georgia-Pacific to review the claimant’s medical records.) The parties also stipulated the amount of benefits paid to the claimant by the employer and the circumstances surrounding the reduction of the benefits to SEB payments.
The hearing officer rendered judgment in favor of the employer, denying the claimant benefits and medical expenses related to the stroke. Based upon the medical evidence, particularly the testimony of Dr. Borne, the hearing officer concluded that the hypertension and the stroke were related to the claimant’s family history of heart disease and hypertension, his failure to take his blood pressure medication, and his smoking. Dr. Borne refuted the claimant’s position that his blood pressure was elevated due to chronic pain and the taking of anti-inflammatory medication, both of which related to the knee injury. The claimant’s request for penalties and attorney fees was also denied.
The claimant appealed.
LAW
The manifest error/clearly wrong standard of appellate review applies in a worker’s compensation action even when the trial court’s decision is | abased solely upon written reports, records or depositions. Virgil v. American Guarantee & Liability Insurance Company, 507 So.2d 825 (La.1987); Nubles v. H & J Employment Service, 25792 (La.App. 2 Cir. 5/4/94), 637 So.2d 648, writ denied, 94-1436 (La. 12/9/94), 647 So.2d 1106.
The claimant’s disability is presumed to have resulted from an accident if before the accident the claimant was in good health but commencing with the accident the symptoms of the disabling condition ap *817 peared and thereafter continuously manifested themselves. For this presumption there must be sufficient medical evidence to show a reasonable possibility of a causal connection between the accident and activation of the disabling condition or that the nature of the accident, when combined with the other facts of the case, raises a natural inference through human experience of such a causal connection. Prudhomme v. DeSoto Professional Home Health Services, 579 So.2d 1167 (La.App. 2 Cir.1991).
DISCUSSION
The claimant contends that the hearing officer erred in several of her factual conclusions. Specifically, he maintains that she erred in finding that: (1) the claimant’s hypertension and the stroke were unrelated to the work-related knee injury (and thus not compensable under worker’s compensation law); (2) the claimant was not totally disabled as a result of the knee injury; and (3) the employer had met its burden of proving available jobs suitable for the claimant prior to the stroke.
Hypertension and stroke
Testimony was adduced from two orthopedic surgeons (Dr. EdwardjjMorgan and Dr. Ballard), two neurosurgeons (Dr. Flynn and Dr. Beach), a non-board certified internist (Dr. Temple Douglas) and a board certified internist (Dr. Borne). On the issue of hypertension, Drs. Morgan, Flynn, and Beach all testified that they would defer to the opinion of an internist, who treats hypertension on a daily basis. Dr. Borne, the internist who treated the claimant immediately after his stroke, described the claimant as suffering from essential hypertension (hypertension of unknown cause). In his opinion, the claimant’s stroke occurred because of a combination of factors, chief of which was his failure to take his blood pressure medication. Other contributing factors were the claimant’s smoking and his family history of coronary disease. Dr. Borne further testified that, while acute pain can raise a person’s blood pressure, there was little evidence that chrome pain or anti-inflammatory medication could affect hypertension.
Only Dr. Beach causally related the knee injury to the hypertension and stroke. He stated that it was possible that the medication the claimant took as a result of the knee injury and the knee pain he suffered might have contributed to these conditions. However, as previously noted, he deferred the issue of hypertension to an internist, such as Dr. Borne. He also acknowledged that there were several other important factors, including the claimant’s smoking and a strong family history of hypertension, heart disease and stroke, and that the claimant could have had the stroke even without the medication or the knee pain.
Like the hearing officer, we find that the claimant is not entitled to the Prudhomme presumption. The medical evidence fails to demonstrate a ^reasonable possibility of a causal connection between the knee injury and the claimant’s subsequent hypertension and the stroke which occurred eight years after the injury. To the contrary, the medical evidence overwhelmingly supports the factual findings of the hearing officer on this issue.
Also, contrary to the claimant’s assertions, the hearing officer did not give undue weight to the testimony of Dr. Borne and Dr. Flynn, the expert hired by the employer to review the claimant’s medical records. We note in particular that Dr. Borne was one of the claimant’s treating physicians and a specialist to whom the other doctors (including Dr. Beach) generally deferred.[1] As such, his testimony was entitled to great weight.
Extent of disability due to knee injury
The claimant also contends that the hearing officer erred in finding that he was not totally disabled as a result of his knee injury. However, our examination of the depositions of Dr. Morgan (who, along with his partner Dr. Fox, treated the claimant for his knee injury before the stroke) and Dr. Ballard (the claimant’s present orthopedic surgeon who began treating the claimant after the stroke) reveals no manifest error in the hearing officer’s conclusion on this matter.
*818 SEB award
The claimant further asserts that the employer failed to carry its burden of proving under LSA-R.S. 23:1221(3)(c)(i) that there were jobs available to the claimant in his “reasonable geographic region.” However, we note that the claimant agreed to a stipulation of the vocational expert’s testimony that |6she identified available jobs which she felt were within the claimant’s capabilities and geographic region. Therefore, we find no merit to this argument.
CONCLUSION
For the reasons set forth above, the judgment rendered by the hearing officer is affirmed. Costs are assessed against the appellant.
AFFIRMED.

. Dr. Beach himself described Dr. Borne as an "excellent" internist.