MURRAY, J.,
dissents in part with reasons.
hi agree with the opinion in all but one respect. I respectfully disagree with the majority’s finding that Lloyd Gioe is not entitled to recover all of his medical expenses related to his hospitalization and treatment at Chalmette Medical Center and West Jefferson Medical Center. Although La. R.S. 23:1203 only provides for *618 the recovery of medical expenses reasonably necessary for treatment of a medical condition caused by a work-related injury, the jurisprudence has extended this provision to cover “the complications suffered subsequent to work-related accidents ... [that are] the result of treatment the employee received.” 13 H. Alston Johnson III, Louisiana Civil Law Treatise: Workers’ Compensation Law and Practice, Malone & Johnson § 236 (3rd ed.1994); Latiolais v. Emile Barras, Inc., 94-1153 (La. App. 3 Cir. 3/1/95), 651 So.2d 409.
In this case, Mr. Gioe sustained a work-related injury to his nose. During the treatment of that injury, he experienced seizure-like activity, which ultimately was diagnosed as pseudoseizures. In limiting Mr. Gioe’s recovery of medical expenses to the initial two days of hospitalization and testing, the Workers’ Compensation Judge (“WCJ”) reasoned that the most of the hospitalization and medical treatment was due to a pre-existing medical condition. In affirming that finding, the majority frames the issue as whether Mr. Gioe experienced any “true ^seizures” or whether the seizure-like activity was psychological in nature, or pseudoseizure. Given that the testing done on the second day of his initial hospitalization ruled out a true seizure disorder, the majority finds no error in the WCJ’s decision to limit the recovery of medical expenses to that two-day period. I disagree.
Mr. Gioe experienced seizure-like activity while being treated for his work-related nose injury. The medical treatment he received for that seizure-like activity, regardless of whether it was related to a pre-existing psychological condition, falls within the jurisprudential extension of La. R.S. 23:1203 for complications resulting from treatment related to a work-related accident. For this reason, I would find the employer liable for all the medical expenses incurred in connection with both hospitalizations. Accordingly, I respectfully dissent in part.