SAVOIE, Judge.
Plaintiff, Cynthia L. Sullivan, appeals the trial court’s denial of the wrongful death action of plaintiff’s minor son.
On January 28, 1981, plaintiff and defendant, Robert Thornhill, were headed south in separate vehicles on U.S. Hwy. 90, some 11 miles north of Houma, Louisiana. Plaintiff was driving his employer’s truck in the course and scope of his employment just ahead of Thornhill, traveling at approximately 55 miles per hour. Thornhill, traveling immediately behind plaintiff at approximately 65 miles per hour, fell asleep at the wheel and rammed into the rear of the truck driven by plaintiff. Neither driver, nor the passengers in plaintiff’s truck, complained of obvious injury thereafter. Electing not to call the police, the parties exchanged the pertinent information and continued on their way. When plaintiff reached his work site, he alerted his employer to the accident and complained of growing back pain and stiffness. That same day, plaintiff was sent to Dr. Nelville J. Reehlmann, an orthopedist. Subsequently, plaintiff was found to have sustained a ruptured disc as a result of the accident and underwent surgical intervention for resolution thereof. Plaintiff remained under Dr. Reehlmann’s care from January 28, 1981, until April, 1983. On July 10, 1983, plaintiff died of a myocardial infarction.
Plaintiff filed suit on October 15, 1981, against Mr. Thornhill and United States Fidelity & Guaranty Company (hereinafter referred to as USF & G) Thornhill’s liability insurer, seeking damages for the injuries he sustained. Subsequently, Houston General Insurance Company, plaintiff’s employer’s workmen’s compensation insurer, intervened, seeking reimbursement for all monies paid plaintiff under its workmen’s *988 compensation policy. Prior to trial on the merits, plaintiff died. Thereafter, an amended petition substituted the name of Cynthia L. Sullivan, confirmed legal tutrix of plaintiffs minor son, Jeffrey Allen Paz-ereckis, for that of plaintiff. Additionally, substituted-party plaintiff, appellant, sought damages for the wrongful death of plaintiff.
After a trial on the merits, the trial court awarded $27,993.54 in medical expenses, $30,000.00 in lost wages, and $50,000.00 for pain and suffering in plaintiffs survival action. Such award was subject to Houston General’s claim of intervention in the sum of $41,726.20. In the wrongful death action, the trial court denied same. It found that appellant had failed to prove either that plaintiffs death was caused by the accident or that the risk of a myocardial infarction fell within the ambit of protection owed by Thornhill.
Appellant appeals on behalf of the minor child, asserting that the trial court erred in:
(1) denying the wrongful death claim based on conjecture and guessing rather than on the uncontradicted and unrebut-ted evidence introduced on behalf of plaintiff,
(2) failing to properly apply the “preponderance of the evidence” rule, and
(3) failing to find the accident was a cause of plaintiffs death.
In essence, appellant complains that the trial court erred in finding that the accident was not the cause-in-fact of plaintiffs death.
It is settled that the trial court’s findings of fact are entitled to great weight and should not be disturbed on appeal absent mainfest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Moreover, a finder of fact should assess the credibility of witnesses, expert or lay, to determine the most credible and realistic evidence. He need not accept all of a witnesses testimony as being true or false but may believe and accept part or parts of it, refusing to accept any part or parts thereof. Holmes v. Southeastern Fidelity Insurance Company, 422 So.2d 1200 (La.App. 1st Cir.1982). However, where depositions are submitted into the record in place of live testimony, the manifest error rule is inapplicable. In such cases, the trial court, being unable to observe the demean- or of the witnesses, is in no better position to assess the witnesses credibility than the appellate court. On review, the standard of review is the sufficiency of the evidence and the preponderance thereof. Dickerson v. Zurich-American Insurance Company, 479 So.2d 571 (La.App. 1st Cir.1985). Applying these standards of review to consideration of cause-in-fact, the threshold issue in determining negligence[1] we find the record reflects the following.
In the matter sub judice, appellant adduced the testimony of Dr. Reehlmann; Dr. William St. John LaCorte, an internist; Mr. Preston Hubert, plaintiff’s friend; Mr. Melville Wolfson, an economist; and herself. Further, the video tape deposition of Dr. Millard Jensen, a neuropsychiatrist, was introduced. The record reflects that only Dr. Reehlmann ever examined or treated plaintiff. Drs. LaCorte’s and Jensen’s testimony consisted of their impressions of plaintiff’s condition based upon an examination of his medical records and/or interviews with Ms. Sullivan and Mr. Hubert.
The trial court found that plaintiff had indeed sustained certain disabling injuries to his back as a result of the accident. However, while somewhat impressed with *989 the testimony of Dr. LaCorte who stated that he felt that the accident was a substantial factor in plaintiff’s cause of death, it found too many questions left in doubt. Based thereon, it felt that appellant had failed to carry the burden of proof by a preponderance of the evidence. We agree.
The record reflects that subsequent to plaintiffs back operations, he was employed for a period of time as a Pinkerton guard. Such employment was only terminated as a result of a reduction in force. Additionally, the record reflects that prior to the accident, plaintiff consumed approximately six beers and smoked about one pack of cigarettes a day. Following the accident, plaintiffs consumption increased to over one case of beer, together with hard liquor and between 4-5 packs of cigarettes per day. The medical testimony at trial was adduced from Dr. Jensen, Dr. LaCorte and Dr. Reehlmann. Dr. Jensen stated that his opinion was based on selected medical material presented to him by Appellant. Dr. LaCorte stated that his conclusions were based solely upon the depositions of Dr. Jensen, plaintiff and Dr. Reehlmann; excerpts of plaintiffs medical records and the autopsy report. When questioned concerning factors which contribute to heart attacks, Dr. LaCorte stated that in this case, plaintiffs increased drinking, smoking, and life crises would create sufficient stress for same. Moreover, when informed that Dr. Reehlmann’s medical history failed to note plaintiffs increased drinking, Dr. LaCorte admitted that this missing factor would negate one of the links between the accident and plaintiffs heart attack.
Based upon the above and foregoing, we cannot say that the trial court’s finding that plaintiff’s heart attack was not caused by the accident was manifestly wrong, considering the various testimonies adduced. Accordingly, judgment of the trial court is hereby affirmed. Appellant, Cynthia L. Sullivan, is to pay all costs of this appeal.
AFFIRMED.

. It is well settled that for plaintiff to recover in negligence, he must prove:
(1) That the act complained of was a cause-in-fact of the accident,
(2) That the defendant had a duty either statutory or non-statutory, to protect this plaintiff against the cause of harm,
(3) That the defendant breached this duty to protect this plaintiff, and
(4) That the plaintiff was harmed by this breach of the duty owed. Payne v. Louisiana Department of Transportation and Development, 424 So.2d 324 (La.App. 1st Cir.1982).