GAUDIN, Judge.
This is an appeal by Mr. and Mrs. Larry Barbe from a district court judgment *1235 awarding $13,529.90 plus interest, attorney fees and court costs to Mrs. Marjorie Ann Revolta, who filed a suit in redhibition after purchasing a home from the Barbes.
The case was tried before Judge Lionel Collins in the 24th Judicial District Court but he died before judgment was rendered. It was agreed by the parties that the judge pro tempore, Joseph DiRosa, would read the transcript and then issue a judgment. Judge DiRosa’s judgment, with written reasons, was subsequently handed down and this appeal ensued.
The judgment in effect lowered the price by $13,529.90, itemized as follows:
$8,500.00 — foundation repair,
624.90 — air conditioning repairs, 125.00 — ceiling repairs,
1,320.00 — electrical repairs,
675.00 — roof repairs,
485.00 — repairs to brick mortar, 1,200.00 — sheetrock repairs, and 600.00 — resod the lawn.
In addition, Judge DiRosa awarded attorney fees of $4,000.00 to Mrs. Revolta.
We affirm the district court judgment, being unable to say that any of the trial court’s findings and/or awards were manifestly wrong.
The threshold issue is whether the standard of review on appeal is manifest error or a sufficiency (preponderance) of the evidence. Judge DiRosa did not, of course, see or hear any of the witnesses.
Appellants cite Pazereckis v. Thornhill, 489 So.2d 986 (La.App. 1 Cir.1986), which said that if the record includes depositions in place of live testimony, the manifest error rule does not apply because the trial judge, unable to observe the demeanor of witnesses, was in no better position to assess credibility than the appellate court.
In Pazereckis, only some of the witnesses testified by written deposition or by video tape. The First Circuit, however, said that findings of fact based solely or primarily on depositions were, on review, subject only to the sufficiency of evidence rule.
The Supreme court of Louisiana, in Virgil v. American Guarantee and Liability Insurance Company, 507 So.2d 825 (La. 1987), held otherwise. The Court stated:
“The court of appeal erred in holding that the manifest error standard of appellate review does not apply when the evidence before the trier of fact consists solely of written reports, records and depositions. The court (of appeal) further erred in assessing credibility and weighing medical evidence as if the court of appeal were the trier of fact.”
The Court quoted from Canter v. Koehring Co., 283 So.2d 716 (La.1973), and then concluded its relatively brief (Virgil) opinion by saying:
“Louisiana’s ... court system allocates the fact finding function to the trial courts. Because of that allocation of function (as well as the trial court’s normal procedure of evaluating live witnesses), great deference is accorded to the trial judge’s factual findings, both express and implicit, and reasonable inferences of fact should not be disturbed on appellate review of the trial court’s judgment.
“Accordingly, the judgment of the court of appeal is set aside and the case is remanded to the court of appeal to review the record under the manifest error standard of appellate review.”
While we find considerable merit in Paz-ereckis, it is clear that we, on review of the instant case, are bound by Virgil and the manifest error rule.
Mrs. Revolta purchased 3704 Haring Road, Metairie, Louisiana from Mr. and Mrs. Barbe on May 24, 1985, paying $70,-000.00. Mrs. Revolta called various witnesses who testified about hidden defects in the house. We can’t say that the district judge’s reliance on these witnesses was not reasonable although in several instances we would be inclined to disagree with his conclusions.
The most serious defect was in the foundation slab. Mrs. Revolta said that she first became aware of a potential problem when she noticed that water in a fish aquarium was uneven. The Barbes said that there was no foundation flaw but plaintiff’s expert witness, an engineer spe *1236 cializing in foundations, testified that there was a differential of three and one-half inches from one portion of the slab to another. The defendants, to rebut Mrs. Re-volta’s engineer, called a witness whose training was in carpentry. He said the slab was not cracked; therefore, he added, the house was not sinking on one (the south) side unless the house was sinking uniformly. Various witnesses estimated the cost of repairs, ranging from $7,350.00 to over $14,000.00. The trial judge resolved this conflict in Mrs. Revolta’s favor, awarding $8,500.00, and we cannot say this was manifest error nor can we say any of the trial judge’s other findings were manifestly wrong.
Other witnesses, called by petitioner, testified about defects in the air conditioning overflow (drain pan) in the attic, in the electrical wiring and in the roof. None of these findings is manifestly erroneous and not supported by testimony and evidence.
Mrs. Revolta, her former husband and her real estate agent inspected the house before the act of sale. They noticed various interior and exterior cracks but nothing major. The trial judge, in his assigned written reasons, said that if there were only hairline cracks at the time of the sale (according to the testimony of Mrs. Revolta and Mr. Barbe), the cracks had significantly widened.
Attorney fees were awarded because the Barbes had not informed Mrs. Revolta of inadequate electrical wiring in the porch and roof junction, additions to the house made after the Barbes purchased the house. A qualified electrician called by Mrs. Revolta called the porch wiring dangerous and in violation of the electrical code. The Barbes did not call any experts in this area.
For these reasons, the district court judgment is affirmed with appellants to bear costs of the appeal.
AFFIRMED.