648 So.2d 451 (1994)
Delmas Gerald HUTCHINSON, M.D.
v.
Shashikan SHAH and Jyoti P. Shah.
No. 94 CA 0264.
Court of Appeal of Louisiana, First Circuit.
December 22, 1994.
Rehearing Denied February 2, 1995.
Kirk A. Guidry, Baton Rouge, for plaintiff-appellant.
John W. Perry, Baton Rouge, for defendants-appellees.
Before LOTTINGER, C.J., and SHORTESS and CARTER, JJ.
SHORTESS, Judge.
Delmas G. Hutchinson (plaintiff), a family physician, rented a house in Baton Rouge owned by Shashikant[1] C. and Jyoti P. Shah (the Shahs). On December 26, 1989, while in the carport area of that house, plaintiff suffered a stroke which left him paralyzed on his left side. Plaintiff sued the Shahs and their homeowners insurer, State Farm Fire and Casualty Company[2] (defendants), contending that the stroke was precipitated by a fall and that the fall was caused by a defective condition in the premises.
After plaintiff rested his case on the second day of jury trial, defendants moved for a directed verdict. The trial court stated in oral reasons that a reasonable juror could not find the Shahs' carport was unreasonably dangerous and that plaintiff had failed to produce evidence to meet the legal standard on medical causation. The trial court granted the motion and rendered judgment dismissing plaintiff's case. Plaintiff appeals.
Louisiana Code of Civil Procedure article 1810 allows a trial court to enter a directed verdict in favor of defendants at the close of plaintiff's case. A directed verdict should be granted only when the facts and inferences point so strongly in favor of one party that the court believes reasonable jurors could not reach a contrary conclusion. Hastings v. Baton Rouge Gen. Hosp., 498 So.2d 713, 717-718 (La.1986); Barnes v. Thames, 578 So.2d 1155, 1162 (La.App. 1st Cir.), writs denied, *452 577 So.2d 1009 (La.1991). It is appropriate not when there is a preponderance of the evidence, but only when the evidence overwhelmingly points to one conclusion. Hastings, 498 So.2d at 718; Villaronga v. Gelpi, 536 So.2d 1307, 1309 (La.App. 5th Cir.1988), writs denied, 540 So.2d 327, 329 (La.1989).
A plaintiff in a tort action must prove every essential element of his case, including medical causation, by a preponderance of the evidence. Lasha v. Olin Corp., 625 So.2d 1002, 1005 (La.1993); Wisner v. Illinois Cent. Gulf R.R., 537 So.2d 740, 745 (La.App. 1st Cir.1988), writ denied, 540 So.2d 342 (La.1989). A directed verdict is appropriate if a plaintiff has failed to produce evidence to prove an essential element of his case. When the conclusion regarding medical causation is not one within common knowledge, expert medical testimony is required. Lasha, 625 So.2d at 1005.
In this case, plaintiff contended his fall on defendant's allegedly slippery carport caused his stroke, while defendants contended the stroke caused his fall. Only one medical expert, Dr. Thomas B. Flynn, testified on plaintiff's behalf.[3] Flynn, a neurosurgeon, was not plaintiff's treating physician, nor was he a consulting physician. A few weeks before trial Flynn was provided with copies of plaintiff's medical records and various depositions. He talked with plaintiff by telephone and in person to determine whether he was "lucid enough to give ... a believable story," but he never examined him.
Plaintiff's treating cardiologist, Dr. Thomas P. Quaid, and his treating neurologist, Dr. Steven J. Zuckerman, did not testify. Flynn acknowledged that Quaid stated in his initial report he thought it highly unlikely the fall caused the stroke; that Zuckerman stated in his initial report it was not possible the fall caused the stroke; and that Zuckerman and Dr. Richard Gold, another neurologist, searched medical literature and found no documented cases of chest wall trauma causing a cerebral embolus (stroke).[4]
Flynn agreed the literature reviewed by the neurologists showed no documentation of strokes caused by falls, although he noted they did not review the trauma literature. He did not agree with Quaid and Zuckerman that a relationship between the fall and the stroke was impossible or highly unlikely. He felt there was "a logical connection" between the fall and the subsequent stroke, explaining:
Q. Now when you say that it is logical to accept this as what has happened, does that necessarily encompass it from a standpoint of reasonable medical possibility that it happened this way? Does logical mean possible?
A. I think so, yes, sir.
However, he declined to opine it was more probable than not that the fall caused the stroke, stating:
. . . .
Q. Now there again, you're not able to say in fairness and professional and intellectual [honesty] whether it's more probable that it happened one way or the other; correct?
A. I think that's correct.
. . . .
Q. And when we talk about burdens of proof and you've dealt with this in hundreds of depositions where lawyers ask you, is it more probable than not that your patient's back condition is related to the automobile accident; right? You've heard that a million times; right?
A. Yes, sir.
Q. You can't say in this case, it's more probable than not?
A. I don't believe so.
. . . . .
Q. It's justseems logical and it's not impossible in your opinion?
A. Seems logical and it's possible.
Plaintiff clearly produced no expert medical evidence that it was more likely than not that the fall caused the accident. Nevertheless, plaintiff contends he established a prima facie case of medical causation. Ordinarily, *453 the test of medical causation is reasonable medical probability. Creel v. S.A. Tarver & Son Tractor Co., 537 So.2d 752, 754 (La.App. 1st Cir.1988). Plaintiff relies, however, on Wisner v. Illinois Central Gulf Railroad, 537 So.2d 740, for the proposition that plaintiff is entitled to a rebuttable presumption of medical causation if he can present: 1) evidence he was in good health before the accident, and 2) medical testimony showing a reasonable possibility the accident caused the injury.
Our review of the record indicates plaintiff failed to prove the first requirement of Wisner. Although plaintiff testified he considered himself in good health "except for diabetes and maybe some hardening of the arteries," his testimony on cross-examination revealed otherwise. Quaid had diagnosed plaintiff with congestive heart failure thirteen days before his stroke, he had been seen by Quaid a week before the stroke, and he was on medication for that condition at the time of the stroke. He had had a heart attack and heart catheterization in 1982 and a second heart catheterization in 1987. He was also an insulin-dependent diabetic.
Plaintiff failed to meet the requirements of Wisner and thereby failed to establish a prima facie case of medical causation. He produced no expert medical testimony to prove causation by a preponderance of the evidence. The evidence overwhelmingly pointed to the legal conclusion that the fall did not cause plaintiff's stroke; reasonable jurors could not have reached a contrary result. Thus, the trial court did not err in granting defendants' motion for directed verdict.
For these reasons, the judgment of the trial court is affirmed. Plaintiff is assessed with all costs of appeal.
AFFIRMED.
NOTES
[1] Mr. Shah's name is misspelled in the suit caption and in the original petition.
[2] State Farm was added as a defendant by amended petition. The record contains no answer to the amended petition. However, State Farm appeared at trial through counsel, defended the lawsuit, and defended this appeal.
[3] Plaintiff testified he was certain the fall preceded the stroke, but he was not testifying as a medical expert.
[4] Quaid's and Zuckerman's reports were later changed to delete these references.