672 So.2d 222 (1996)
Cynthia EDWARDS, et al., Plaintiff-Appellee,
v.
Michael Andrew HORSTMAN, et al., Defendant-Appellant.
James H. EDWARDS, Plaintiff-Appellee,
v.
Michael A. HORSTMAN, et al., Defendant-Appellant.
Nos. 27,776-CA, 27,777-CA.
Court of Appeal of Louisiana, Second Circuit.
April 3, 1996.
Rehearing Denied May 2, 1996.
*223 Mayer, Smith & Roberts by John C. Turnage, Shreveport, for Appellants, Blue Ridge Insurance Co. and Bossier Police Jury.
Tommy J. Johnson, Shreveport, for Appellant, Michael A. Horstman.
Jack M. Bailey, J. Allen Cooper, Jr., Shreveport, for Appellee, Cynthia Edwards.
Before MARVIN, SEXTON and GASKINS, JJ.
SEXTON, Judge.
Defendant, Blue Ridge Insurance Company, homeowner's insurer for the parents of Shane DeMoss, appeals the judgment of the trial court finding it liable to the plaintiff for $100,000 in damages, plus judicial interest from May 13, 1987 until paid and all court costs. We affirm.
This suit arises out of a shooting incident that occurred on May 13, 1986. The plaintiff, Cynthia Edwards, was a passenger riding atop the back seat of a Cadillac Seville convertible owned by Michael Turner and being driven by Shane DeMoss when she was struck in the face by a shotgun blast from Michael Horstman, a passenger in a Toyota pickup truck in front of the convertible. After trial in which the sole live testimony was from Shane DeMoss, the trial court made the following factual findings:
1. Shane DeMoss was driving the convertible, with Michael Turner occupying the passenger seat and Cynthia Edwards seated on the top of the back seat;
2. [A] Monte Carlo passed the convertible driven by Shane DeMoss and the occupants of the Monte Carlo screamed, "They have a gun" as they passed by;

*224 3. Almost immediately thereafter, the Toyota pick-up truck passed the convertible being driven by Shane DeMoss. Someone in Shane DeMoss's car told him that a gun was sticking out of the Toyota vehicle;
4. After Shane DeMoss witnesses the above, he physically saw Michael Turner, an occupant of his vehicle, obtain and therefore arm himself with a .357 Magnum pistol;
5. After witnessing all of the above, Shane DeMoss continued to follow with the intent to pass the Toyota pick-up;
6. Shane DeMoss attempted to pass the Toyota pick-up but failed to do so because it swerved into his lane, forcing him off the highway;
7. After the failed attempt to pass the Toyota pick-up, Michael Turner fired his .357 Magnum pistol and Michael Horstman fired a shotgun. Pellets from the shotgun blast struck Cynthia Edwards causing the damage complained of.
The trial court found that DeMoss's conduct as described above exposed Cynthia Edwards to an unreasonable risk of harm and constituted negligence. This negligence, it stated, was a cause in fact of the injuries sustained by Ms. Edwards and DeMoss was therefore liable for damages. The court also found that DeMoss was an insured under a homeowner's policy issued by Blue Ridge that excluded damages for bodily injury arising out of the use of a motor vehicle. Based upon a prior judgment of the trial court, which was affirmed by this court, the trial court held that the injuries sustained by the plaintiff did not arise out of the use of a motor vehicle and, therefore, Blue Ridge was cast in judgment for the policy limits of $100,000.
Blue Ridge raises two assignments of error: First, it contends that the trial court erred in finding that DeMoss breached a duty owed to Ms. Edwards. Second, it contends that the trial court erred in finding that the duty breached by DeMoss did not arise out of the use of an automobile.
Initially we note that Blue Ridge contends the manifest error standard does not apply in this instance because all of the testimony, except that of DeMoss, is transcribed criminal trial testimony or deposition testimony, placing the trial court in no better position to evaluate credibility than the appellate court. In support of his argument, Blue Ridge cites Wells v. Allstate Insurance Co., 510 So.2d 763 (La.App. 1st Cir.1987), writ denied, 514 So.2d 463 (La.1987). In that case, the court held that the manifest error standard did not apply when the trial court relies upon depositions. However, Virgil v. American Guarantee and Liability Insurance Company, 507 So.2d 825 (La. 1987), is fatal to Blue Ridge's position. There, the supreme court held that the manifest error standard applies even where all the evidence consists solely of written reports, records and depositions.[1] Therefore, we must reject Blue Ridge's contention in this respect.
For an appellate court to reverse a trial court's factual finding, it must find from the record that a reasonable factual basis does not exist for the finding of the trial court and that the record establishes that the finding is manifestly erroneous or clearly wrong. Stobart v. State Department of Transportation & Development, 617 So.2d 880 (La.1993). Rosell v. ESCO, 549 So.2d 840 (La.1989). Based upon our review of the record before us, we find no manifest error in the seven factual findings of the trial court quoted above.
Appellant argues that the trial court erred in finding that Shane DeMoss breached a duty owed to plaintiff. On the one hand, Blue Ridge argues that DeMoss was doing no more than trying to pass the Toyota pick-up when it swerved in front of him. He *225 was not speeding or intimidating the pick-up and did nothing to cause the shooting incident. On the other hand, Blue Ridge contends that if DeMoss was negligent, it must necessarily have arisen out of the use of the vehicle, inasmuch as DeMoss could not have placed his passengers in harm's way absent the vehicle.
We agree with Blue Ridge that the record does not support the proposition that DeMoss was speeding or that his handling of the vehicle lacked such skill that it was negligent. However, the trial court found that DeMoss exposed the plaintiff to an unreasonable risk of harm by placing her in the proximity of a gunman and this conduct constituted negligence. Because the court had determined that DeMoss knew that someone in the Toyota had a gun pointed out of the window, DeMoss knew or should have known that bringing his vehicle in the proximity of the Toyota might endanger the safety of himself and his passengers. The duty breached by DeMoss was the duty to avoid exposing those around him to the risk of being shot. DeMoss breached this duty and this breach was a cause in fact of the harm to Ms. Edwards. Appellant's argument is without merit.
Blue Ridge further contends that the trial court erred in finding that the duty breached by Shane DeMoss did not arise out of the use of an automobile. Blue Ridge contends that the trial court improperly relied upon the "law of the case" doctrine, holding that the "arising-out-of" issue was previously decided in a summary judgment granted by the trial court dismissing State Farm Mutual Automobile Insurance Company ("State Farm"), the uninsured/underinsured ("UM") insurer of the plaintiff. We affirmed that judgment in Edwards v. Horstman, 604 So.2d 1055 (La.App. 2d Cir.1992). State Farm had issued the UM policy to Anita Edwards, Cynthia Edwards' mother. Cynthia Edwards was an insured under this policy. The trial court granted State Farm a summary judgment dismissing it as a defendant in this action based upon its legal finding that the damage to Cynthia Edwards did not arise out of the operation, maintenance or use of a motor vehicle.
Blue Ridge contends that the court's previous summary judgment does not apply to the negligence, if any, of Shane DeMoss. It argues that the prior judgment applied to the shooter's negligence and involved only that vehicle, not the vehicle DeMoss was driving. It contends that DeMoss's breach of a duty arose from the use of the vehicle and was different from the shooter's breach, and therefore, the law of the case does not apply.
In Dodson v. Community Blood Center, 633 So.2d 252, 255 (La.App. 1st Cir.1993), writ denied, 634 So.2d 850 and 634 So.2d 851 (La.1994), the court stated:
The "law of the case" doctrine applies to all prior rulings or decisions of an appellate court or the supreme court in the same case, not merely those arising from the full appeal process. See Brumfield v. Dyson, 418 So.2d 21 (La.App. 1st Cir.), writ denied, 422 So.2d 162 (La.1982). This policy applies to parties who were parties to the case when the former decision was rendered and who thus had their day in court. The reasons for the "law of the case" doctrine is to avoid relitigation of the same issue; to promote consistency of result in the same litigation; and to promote efficiency and fairness to both parties by affording a single opportunity for the argument and decision of the matter at issue. Day v. Campbell-Grosjean Roofing and Sheet Metal Corp., 260 La. 325, 256 So.2d 105 (1971). This doctrine is not an inflexible law, thus appellate courts are not absolutely bound thereby and may exercise discretion in application of the doctrine. It should not be applied where it would accomplish an obvious injustice or where the former appellate decision was manifestly erroneous. Brumfield v. Dyson, 418 So.2d at 22.
DeMoss and Blue Ridge have been parties to the instant litigation since shortly after the original petition was filed when plaintiff filed an amending and supplemental petition initially naming Republic Insurance Company as the alleged homeowner's insurer of the DeMosses as a defendant. Blue Ridge answered the petition correcting the name of the homeowner's insurer party to the Blue Ridge Insurance Company, and denied coverage based upon the exclusion in the policy for *226 bodily injury or property damage "arising out of the ownership, maintenance, use, loading or unloading of a motor vehicle." Blue Ridge was certainly aware of the motion for summary judgment filed by State Farm. It was a party to this case when the former decision was rendered, and irrespective of whether it actually responded to State Farm's motion, it could have. We also note that Blue Ridge is named as an appellee in the caption in our judgment affirming the trial court summary judgment dismissing State Farm. Moreover, we are convinced by our review of the record that the judgment of both the trial court and this court regarding the issue of whether the injuries sustained by the plaintiff arose out of the use of a vehicle extended to the conduct of both the shooter and the drivers of both vehicles. We therefore hold that the trial court did not err in finding that the prior rulings on this issue controlled.[2]
Accordingly, for the reasons stated, the judgment of the trial court is affirmed. Costs of this appeal are assessed against appellants.
AFFIRMED.

APPLICATION FOR REHEARING
Before MARVIN, SEXTON, HIGHTOWER, GASKINS and CARAWAY, JJ.
Rehearing denied.
NOTES
[1] Like the Fifth Circuit Court of Appeal panel in Revolta v. Barbe, 576 So.2d 1234 (La.App. 5th Cir.1991), writ denied, 580 So.2d 671 (La.1991), we prefer the rule of Pazereckis v. Thornhill, 489 So.2d 986 (La.App. 1st Cir.1986), which holds that if the record includes depositions rather than live testimony, the manifest error rule does not apply because the trial judge is in no better position to observe the demeanor of the witnesses and assess credibility than is the appellate court.
[2] Even assuming, arguendo, that the trial court erred in applying the law of the case doctrine in these circumstances, we are not prepared to say that the plaintiff's injuries arose out of the operation or use of a motor vehicle. The question in this instance is a very complex mixed question of law and fact, and Blue Ridge raises some very strong arguments in favor of a different conclusion. However, as the supreme court noted in Kessler v. Amica Mutual Insurance Co., 573 So.2d 476 (La.1991), there is a distinction between liable conduct constituting "use" of the vehicle and liable conduct "while using" a vehicle. The latter does not fall within the meaning of the arising-out-of-use provision of the insurance policy. In LeJeune v. Allstate Insurance Co., 365 So.2d 471 (La.1978), the supreme court held that a deputy sheriff's breach of his duty to use his automobile to secure an intersection for a funeral procession which resulted in a fatal collision with a funeral hearse did not arise out of the use of an automobile. The court noted that the circumstance that the deputy was to use his automobile in the performance of this duty was incidental to the breach of his law enforcement duty. His liability was not based upon the negligent use of the vehicle, but upon his negligence in failing to secure the intersection with his vehicle so as to alert approaching traffic of the danger involved.

Similarly, although Shane DeMoss's negligence occurred while using a vehicle, the duty breached could be said to exist independently of the use of a vehicle. In other words, DeMoss failed to use his vehicle to prevent the encounter with the gunman in the Toyota in the same way the deputy in LeJeune failed to use his vehicle to secure the safety of the intersection.