| iBROWN, Judge.
In this 1993 rear-end automobile accident, defendants, Eleanor Bell and her insurer, State Farm Mutual Automobile Insurance Company, admitted fault and that plaintiff, Diane Greening, suffered some injuries. The trial court awarded plaintiff special damages of $4,104.15 and general damages of $20,000. Defendants’ appeal of the general damage award is premised on their belief that plaintiff failed to meet the requisite burden of proof of causation. Defendants also seek a de novo review by this court.
FACTS.
At trial, Greening testified that as a result of the accident she continues to suffer neck, back, and knee injuries. Greening had injured her neck and back in a previous 1981 automobile accident; however, she stated that she had recovered from these injuries within six months of that accident and suffered only occasional pain in her hip at the time of the instant accident. Plaintiff’s husband and father-in-law both corroborated her testimony.
Plaintiffs treating physician, Dr. Edwin Simonton, testified by deposition. While Dr. Simonton generally corroborated and explained the nature of plaintiffs injuries, he concluded that she had recovered by November 1994. Dr. Simonton believed that plaintiffs continuing complaints were related to injuries sustained in the 1981 accident, rather than the 1993 accident with Ms. Bell.
The trial court specifically noted that the testimony of plaintiff and her family was convincing and awarded general damages based upon the belief that plaintiffs recurring pain was caused by the injuries received in the instant accident. We affirm.
DISCUSSION
Defendants’ appeal is premised upon two theories. First, defendants argue that expert medical testimony was a prerequisite to prove that plaintiffs ^continuing pain was related to the 1993 automobile accident. Defendants argue that the only medical testimony elicited, that of plaintiffs own physician, suggested that she had fully recovered and that any recurring pain was unconnected with the instant accident. They argue that the trial court committed an error of law in finding for plaintiff without supporting medical testimony.
In a suit for personal injuries, the plaintiff has the burden of establishing by a preponderance of the evidence a causal connection between the accident and her subsequent injuries. This burden may be met through expert medical testimony. The element of causation, however, may also be proved by other direct or circumstantial evidence. Lasha v. Olin Corp., 625 So.2d 1002, 1005 (La.1993); Maynor v. Vosburg, 25,922 (La.App.2d Cir. 11/28/94), 648 So.2d 411, 418, writ denied 95-0409 (La. 95-0409), 653 So.2d 590.
Certainly, there are eases where expert medical testimony is indispensable to prove or disprove causation in a personal injury suit. As an example, defendants direct our attention to Hutchinson v. Shah, 94-0264 (La.App. 1st Cir. 12/22/94), 648 So.2d 451, writ denied, 95-0541 (La. 4/21/95) 653 So.2d 570. There the causation issue boiled down to whether plaintiffs slip and fall caused him to suffer a stroke, or whether the stroke caused the slip and fall. In cases like *38 Hutchinson, expert medical testimony may well be a necessity for proving causation.
In the instant case, defendants do not dispute that plaintiff was injured in the accident. Instead, they argue that the lasting side effects suffered by Mrs. Greening are not related to the 1993 accident, but instead are the residual of her 1981 accident. Due to plaintiffs recovery from her prior injuries and the total absence of pain in any of the affected areas immediately prior to the instant accident, we feel that plaintiffs own observations, and those of her immediate family, are as relevant as the opinions of her physician. Under the particular facts Rof this case, a finding on the issue of causation is not necessarily contingent upon the substance of expert medical testimony. Accordingly, the trial court did not commit an error of law in considering and crediting other direct and circumstantial evidence of causation.
In the alternative, defendants attack the trial court’s credibility call in plaintiffs favor. Moreover, because Dr. Simonton’s testimony was submitted in deposition form, defendants assert that this court is in as good of a position as the trial court to weigh credibility and should therefore eschew the manifest error analysis in favor of a de novo review.
The application of de novo review, where the evidence before the court consisted in whole or in part of deposition testimony, has been expressly overruled. Virgil v. American Guarantee and Liability Insurance Company, 507 So.2d 825 (La.1987); Edwards v. Horstman, 27,776 (La.App.2d Cir. 4/3/96), 672 So.2d 222. Accordingly, defendants’ challenge to the credibility call made by the trial court must be reviewed under the manifest error standard.
When findings are based on determinations regarding the credibility of witnesses, the manifest error standard demands great deference to the fact-trier’s decision. Where a fact finder decides to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous. Rosell v. ESCO, 549 So.2d 840 (La.1989).
Defendants argue that Dr. Simonton’s conclusions were erroneously ignored by the trial court. Dr. Simonton recorded plaintiffs medical history during her first post-accident visit on September 17, 1993. Regarding plaintiffs previous accident and injuries, he made the following observation:
About ten years ago she was involved in an automobile accident at which time she injured her neck, head, and low back. She recovered except for occasional recurrences of pain in her right hip which were still recurring at the time of the recent accident. (Emphasis added.)
^During twelve visits that followed, Dr. Simonton duly noted plaintiffs complaints of prolonged recovery exacerbated by intermittent pain. While he once noted that the recurring pain in plaintiffs knee may not be accident related, no such observation was made concerning her complaints of neck and back pain. During plaintiffs final visit on .November 11, 1994, Dr. Simonton noted the following:
It is explained to her that she may have occasional neck and back trouble or trouble in her shoulders or knee in the future that are not related to the accident. She has had these problems in the past prior to the accident of September 14. (Emphasis added.)
Dr. Simonton’s November 11 observation is clearly at odds with the history related to him by plaintiff wherein she stated that the only lasting effect of her prior injuries was a persistent pain in her hip. Moreover, Dr. Simonton’s conclusion was unsupported by objective testing clearly excluding the instant accident as the cause of the intermittent pain. Rather, Dr. Simonton drew his conclusion from his belief that plaintiff had fully recovered from the injuries caused by the 1993 accident.
Balanced against the opinion of Dr. Simon-ton was the testimony of plaintiff and her immediate family. Plaintiff testified that in the 1981 accident she had been treated over a six-month period for back pain, that she had fully recovered suffered no recurring neck or back pain from the incident. Plaintiffs husband and father-in-law each testified that she complained of no neck or back pain *39 prior to the instant accident. Their testimony described plaintiff as a healthy 37-year-old woman who occasionally hung sheetrock ceilings for a family operated drywall business. Plaintiffs family also testified concerning her bouts with recurring pain following the instant accident.
The trial court was presented with two permissible views regarding the cause of plaintiffs intermittent pain. We cannot conclude that the fact finder’s choice between them is manifestly erroneous or dearly wrong.
^CONCLUSION
The issue of causation in the instant case was not so clearly beyond the scope of lay testimony or reasoning as to require the trial court to rely exclusively on expert medical testimony. The court’s resort to other direct and circumstantial evidence did not amount to an error of law. The trial court’s conclusions, when assessed against the correct standard of review, were neither manifestly erroneous nor clearly wrong. Accordingly, the judgment below is affirmed. Costs are assigned to defendants.
AFFIRMED.