WELCH, J.,
dissenting.
hi believe the trial court correctly granted summary judgment in this case, and therefore, I respectfully dissent.
To satisfy his burden on the medical causation issue, Mr. Guardia was required to prove more probable than not that his injuries were caused by the nurses’ failure to regularly change his position during the first two post-operative days. The majority correctly observes that expert testimony was necessary on the issue of medical causation. It is well-settled that when a conclusion regarding medical causation is not one within common knowledge, expert medical testimony is required to prove or disprove causation. Hutchinson v. Shah, 94-0264, p. 3 (La.App. 1st Cir.12/22/94), *632 648 So.2d 451, 452, writ denied, 95-0541 (La.4/21/95), 653 So.2d 570.
In support of its motion for summary judgment, Lakeview pointed out that plaintiff lacked sufficient expert testimony on the issue of medical causation. Further, mover offered medical evidence to disprove causation through the affidavit of Dr. Scott Sondes, the director of rehabilitation and wound management services at Regency Hospital. Dr. Sondes noted that in the normal course of his surgery, Mr. Guardia lost a significant amount of blood and for religious reasons did not accept blood transfusions or blood products. One day following the surgery, Mr. Guardia had extremely low blood pressure and significant postoperative anemia. As a result, Dr. Sondes explained, Mr. Guardia went into hypovolemic shock and acute renal failure, and also developed a coagulopathy as a | ^result of taking a blood thinner. Dr. Sondes opined that Mr. Guardia’s complex medical condition caused the formation of pressure ulcers. He noted that the body typically responds to hypovolemia by shunting of blood away from peripheral tissues to maintain blood flow to the major organs, which put Mr. Guardia’s skin at great risk for breakdown in all tissues, not just those exposed to pressure. In addition, Mr. Guardia’s coagulopathy inhibited his clotting ability, which made his body unable to control the progression of damage and made the pressure ulcers worse, while the severe anemia added to the development of Mr. Guardia’s pressure ulcers by reducing the body’s ability to carry oxygen to the peripheral tissues. Dr. Sondes ultimately concluded that Mr. Guardia’s wounds were expected and unpreventable due to Mr. Guardia’s complex medical condition. Specifically, the doctor observed that because Mr. Guardia was suffering from hypovolemic shock causing acute renal failure combined with severe postoperative anemia, Mr. Guardia’s body underwent physiological responses designed to preserve internal organ function and preserve his life. Dr. Sondes opined that more probably than not, Mr. Guardia would have developed pressure ulcer breakdown regardless of any action taken by Lakeview and there was little, if any, intervention that would have prevented the formation of the pressure ulcers.
Once Lakeview pointed out plaintiffs absence of factual support on the issue of medical causation, in addition to introducing expert opinion disapproving medical causation, the burden shifted to Mr. Guar-dia to provide factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. Thus, it was incumbent on Mr. Guardia to offer expert medical testimony that the failure of the nurses to reposition him, rather than his complex medical condition, caused the pressure ulcers. In an attempt to satisfy this burden, plaintiff offered the deposition testimony and affidavit of Ms. Fields, a nurse. However, Ms. Fields acknowledged in her deposition that she is not qualified to give an ^expert opinion on the medical cause of plaintiffs pressure ulcers. In light of this admission, it is undisputed that Ms. Fields was not qualified to render a medical opinion on medical causation. Accordingly, Mr. Guardia did not satisfy his burden of offering expert evidence sufficient to establish that he would be able to prove at trial more probably than not that the nurses’ substandard care caused his injuries.
For these reasons, I conclude the trial court correctly granted Lakeview’s motion for summary judgment, and I would affirm that ruling.